[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS ISSUE
Whether the defendants' motion to dismiss should be granted as to Count Three on the ground that the plaintiff has failed to exhaust all available administrative remedies under Conn. Gen. Stats. 31-51m(c).
The defendants' motion to dismiss is granted as to Count Three on the ground that plaintiff has failed to exhaust the remedy of having the Claims Commissioner hear this claim against the state under Conn. Gen. Stats. 4-141 et seq.
 I.
On August 14, 1990, the plaintiff, Maggie Greene (hereinafter Greene) filed a three-count amended complaint against the defendants: Larry Meachum, Commissioner of the Department of Corrections, individually and in his official capacity (hereinafter Meachum); Thomas E. Kearney, individually and in his official capacity (hereinafter Kearney); and the State of Connecticut (hereinafter the state). The plaintiff alleges in her amended complaint that her employment with the State Department of Corrections was terminated after she took various steps to express her concerns regarding the State Department of Corrections' management of funds allocated to it.
Count One of plaintiff's amended complaint alleges that the defendants' conduct constitutes a violation of plaintiff's First Amendment rights under state law, the First
and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983. Count Two of the amended complaint alleges that the defendants' conduct constitutes a violation of plaintiff's free speech rights guaranteed by the Constitution of Connecticut, Art. I, 4 and 14 and/or Conn. Gen. Stats.31-51q. Count Three of the amended complaint alleges that the defendants' conduct constitutes a discharge, adverse disciplinary action, and/or other penalty in violation of Conn. CT Page 2 Gen. Stats. 31-51m.
On September 4, 1990, the defendants filed a motion to dismiss with a supporting memorandum. The motion requested dismissal of the first count against defendants Meachum and Kearney in their official capacities as to money damages on the grounds that the first count is barred by the doctrine of sovereign immunity and that Meachum and Kearney are not "persons" under 42 U.S.C. § 1983. The motion further requested dismissal of the third count in its entirety on the ground that plaintiff failed to exhaust all available administrative remedies as required by Conn. Gen. Stats. 31-51m(c).
On September 17, 1990, the plaintiff filed a memorandum in opposition wherein plaintiff conceded that the claims in the first count of her complaint for money damages against defendants Meachum and Kearney in their official capacities are barred by the doctrine of sovereign immunity. In addition, plaintiff conceded that defendants Meachum and Kearney are not "persons" under 42 U.S.C. § 1983 for purposes of monetary damages. Therefore, only the issue of dismissing the third count remains before this court for consideration due to plaintiff's concessions.
 II.
"A motion to dismiss tests, inter alia, whether on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624 (1983). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." Barde v. Board of Trustees, 207 Conn. 59, 62 (1988). "Regardless of the phraseology in the nature of a conclusion employed by the pleader, if the face of the record indicates that the court is without jurisdiction the complaint must be dismissed." Upson,190 Conn. at 626.
Defendants urge that the third count of plaintiff's amended complaint should be dismissed for lack of subject matter jurisdiction. Specifically, the defendants contend that the third count is improperly brought pursuant to Conn. Gen. Stats. 31-51m because plaintiff has failed to exhaust all available administrative remedies. That statute specifically requires that:
 [a]ny employee who is discharged, disciplined, or otherwise penalized by his employer in violation of the provisions of subsection (b) may, after exhausting all available administrative remedies, bring a civil action, within ninety days of the date of CT Page 3 the final administrative determination or within ninety days of such violation, whichever is later.
Conn. Gen. Stats. 31-5m(c) (rev'd to 1989).
Defendants contend that the administrative remedy available to the plaintiff was to bring her claim before the claims commissioner. "Chapter 53 of the General Statutes,4-141 et seq., creates the office of claims commissioner and establishes the procedure for redressing claims arising from the actions of the state and its officers and employees." Spinello v. State, 12 Conn. App. 449, 453 (1987).
Plaintiff argues that no administrative remedy exists because an exception to the claims commissioner's authority applies in this case. Conn. Gen. Stats. 4-142 provides in pertinent part: "There shall be a claims commissioner who shall hear and determine all claims against the state except . . . . (2) claims upon which suit is otherwise authorized by law." Plaintiff contends that her claim is otherwise authorized by law due to the counts of her amended complaint alleging claims under 42 U.S.C. § 1983 abd Conn. Gen. Stats.31-51q.
The state is immune from suit unless the General Assembly, by appropriate legislation, authorizes suits against the state or it consents to be sued. Lacasse v. Burns,214 Conn. 464, 468 (1990) (citations omitted). But the state's sovereign right not to be sued without its consent is "not diminished by statute unless a clear intention to that effect on the part of the legislature is disclosed, by the use of express terms or by force of the necessary implication." Id. "[B]ecause the state has permitted itself to be sued in certain circumstances, this court has recognized the well established principle that statutes in derogation of sovereign immunity should be strictly construed." White v. Burns, 213 Conn. 307,312 (1990). "Where there is any doubt about their meaning or intent they are given the effect which makes the least rather than the most change in sovereign immunity." Id.
"The right to bring a civil action upon a claim precludes its presentation to the claims commissioner under Conn. Gen. Stats. 4-142. Cairns v. Shugrue, 186 Conn. 300,301 n. 1 (1982). Conn. Gen. Stats. 31-51m is a claim for the protection of an employee who discloses employer's illegal activities and is known as the "whistle blowing statute." Magnan v. Anaconda Industries, Inc., 193 Conn. 558, 572 n. 22 (1984). "42 U.S.C. § 1983 . . . authorizes a civil action for deprivations of `rights, privileges, or immunities secured by the Constitution and laws' under color of state law or custom." CT Page 4 Mahoney v. Lensink, 17 Conn. App. 130, 139 (1988) (citations omitted). Conn. Gen. Stats. 31-51q authorizes a claim against an employer for violation of certain constitutional rights of an employee. Therefore, it is concluded that the claim under Conn. Gen. Stats. 31-51m is a claim separate from plaintiff's claims under 42 U.S.C. § 1983 or Conn. Gen. Stats. 31-51q and is not therefore otherwise authorized by law. It is concluded that suits under Conn. Gen. Stats. 31-51m are not otherwise authorized by law because the construction of 31-51m
specifically requires the exhaustion of administrative remedies.
Accordingly, it is held that defendants' motion to dismiss the third count of plaintiff's amended complaint is granted due to the failure to exhaust administrative remedies. It is also held that the claims in the first count of plaintiff's amended complaint for money damages against defendants Meachum and Kearney in their official capacities are dismissed by virtue of the concession made by the plaintiff.
STENGEL, J.