[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #184 CT Page 3691
On June 21, 1986, plaintiff's decedent, Harron Waller, was stopped by a Connecticut state police officer for a speeding violation while operating a tractor trailer truck. As he was approaching the trooper to hand her his license and registration, he was fatally injured when he was struck by a vehicle operated by Yolanda Daniels. On June 5, 1987, pursuant to General Statutes4-160, plaintiff filed a notice of claim with the claims commissioner, requesting permission to sue the state. However, on June 24, 1988, prior to receiving the commissioner's authorization to bring suit, plaintiff commenced the instant action by service of process against seven named defendants, including the State of Connecticut.[1]
Plaintiff alleged, inter alia, that the Commissioner of State Police was liable for negligently training and instructing the state trooper, that the state trooper was liable for negligently placing the decedent in a position that exposed him to foreseeable harm, and that the state was liable as the employer of the aforesaid defendants.
On July 28, 1988, defendant, State of Connecticut, filed a motion to dismiss the claims against the state, the claims against the Commissioner of State Police, and the claims against the state trooper. (Docket Item #101). The state argued that pursuant to General Statutes 4-160, plaintiff's complaint was fatally defective because the plaintiff did not have the state's consent to be sued, nor had plaintiff alleged that she had received the claims commissioner's authorization to bring suit against the state. Defendant concluded that this defect stripped the court of subject matter jurisdiction, and that the matter should be dismissed.
Plaintiff filed an objection to defendant's motion to dismiss on August 10, 1988 (Docket Item #103), and a request to amend the complaint on August 11, 1988. (docket Item #104). Plaintiff objected to defendant's motion, arguing that her amended complaint was based upon General Statutes 52-556, which provides a direct right of action against the state. In addition, plaintiff argued that if she were forced to await the claims commissioner's permission before bringing suit, the applicable statute of limitations could expire and bar the action. Defendant then filed a reply brief on August 15, 1988 (Docket Item #105). Defendant maintained that plaintiff had failed to allege the essential CT Page 3692 elements of General Statutes 52-556, and because this statute abolished sovereign immunity, it was to be strictly construed. Defendant contended that absent plaintiff's compliance with the statute, defendant was not subject to suit.
The motion to dismiss was considered by the court, Sullivan J., and the complaint was dismissed as to the above-mentioned defendants. The court observed that the Police Commissioner and the state trooper were immunized from suit pursuant to General Statutes 4-165, and that the state was protected by sovereign immunity in the absence of the claims commissioner's permission to sue. Concerning plaintiff's allegations under 52-556, the court noted that although the statute permitted suit against the state in certain circumstances, the "police vehicle operation . . . had ceased." (See Docket Item #108, Waller v. Daniels, Docket No. 085939, Judicial District of Waterbury, (September 27, 1988)). On November 3, 1988, plaintiff filed a motion to reargue its objection to defendant's motion to dismiss.
Subsequently, the claims commissioner conducted a hearing on plaintiff's request for permission to sue the state, and on February 9, 1989, the commissioner authorized plaintiff to bring an action against the state. (Docket Item #112.5). On May 9, 1989, plaintiff submitted another request to amend the complaint. This amended complaint alleged, in relevant part, that the vehicle was owned and insured by the state, and further, that she had received permission to sue from the claims commissioner.
On November 22, 1989, the court, Sullivan, J., issued a memorandum of decision on plaintiff's motion to reargue the motion to dismiss (Docket Item #116, Waller v. Daniels, Docket No. 085939, Judicial District of Waterbury (Sullivan, J., November 22, 1989)). In pertinent part, the court held that the defendant, State of Connecticut, "is the proper party defendant for a claim of damages arising from a negligent operation of a state owned and insured vehicle under Statute 52-556." Id., 3. The court, noting that plaintiffs had received permission to sue the state pursuant to General Statutes 4-160, further held that "the motion to dismiss against the State for negligence, coming under the permission statute, should be dismissed." Id., 3-4.
Subsequently, plaintiff filed amended complaints on January 26, 1990 and February 6, 1990, respectively. The state filed its answer and special defenses on April 27, 1990, and filed a revised special defense on October 4, 1991, asserting that plaintiff's CT Page 3693 claims against it were barred by the doctrine of sovereign immunity.
On October 8, 1991, defendant filed a motion for partial summary judgment on count five of plaintiff's amended complaint (Docket Item #177). Count five alleged a cause of action against the state pursuant to General Statutes 52-556.[2] The court, Blue, J., denied the state's motion for partial summary judgment, and observed that "Judge Sullivan has already sustained the complaint against facial attack for failure to state a cause of action under52-556. For purposes of a motion to strike — if the motion for partial summary judgment is to be construed as such — Judge Sullivan's decision established the law of the case." (Docket Item #183, Waller v. Daniels, Docket No. 085939, Judicial District of Waterbury, (Blue, J., January 7, 1992)).
Defendant again moved for summary judgment on January 24, 1992 (Docket Item #184). Plaintiff filed her objection on February 18, 1992 (Docket Item #185), and defendant replied to the objection by way of memorandum dated March 9, 1992. (Docket Item #193). Oral argument was heard on this matter by this court, however, the court reserved decision on the motion until the completion of the trial.
On November 3, 1992, plaintiff filed a post-trial supplemental memorandum in opposition (Docket Item #136). Defendant filed its supplemental memorandum in support on January 19, 1993 (Docket Item #201), and plaintiff filed a rebuttal on January 20, 1993 (Docket Item #202).
Summary judgment "`shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" (Citation omitted.) Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578, 573 A.2d 699 (1990). "`[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . .'" (citation omitted.) Connell v. Colwell,214 Conn. 242, 246, 571 A.2d 116 (1990). "`[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue.'" (Citations omitted.) Id., 246.
Defendant argues that plaintiff commenced this action prior CT Page 3694 to receiving permission to sue from the claims commissioner, and that this omission constitutes a non-curable jurisdictional defect. Defendant notes that plaintiff attempted to cure this defect by subsequently amending her complaint, but that the court cannot obtain jurisdiction by virtue of the amended complaint because the court was without jurisdiction to entertain the original action.
The state is immune from suit unless it consents to be sued, and the General Assembly, by appropriate legislation, may waive the state's sovereign immunity from suit and authorize suits against the state. Lacasse v. Burns, 214 Conn. 464, 468,572 A.2d 357 (1990). The doctrine of sovereign immunity "operates as a bar to subject matter jurisdiction"; Barde v. Board of Trustees,207 Conn. 59, 66, 539 A.2d 1000 (1988); and the issue of subject matter jurisdiction may be raised at any time, and must be acted upon by the court "`regardless of the form of the motion . . . .'" (Citations omitted.) LaCroix v. Board of Education, 199 Conn. 70, 80
n. 8, 505 A.2d 1233 (1986); In re Judicial Inquiry No. 85-01,221 Conn. 625, 629, 605 A.2d 545 (1992). Whenever a court discovers that it lacks jurisdiction, it must dismiss the case regardless of previous rulings. In re Judicial Inquiry No. 85-01, supra, 629.
Because the state permits itself to be sued in certain circumstances, Connecticut courts have recognized a "well established principle that statutes in derogation of sovereign immunity should be strictly construed." White v. Burns, 213 Conn. 307, 312,567 A.2d 1195 (1990). When there is any doubt about "their meaning or intent they are given the effect which makes the least rather than the most change in sovereign immunity." Id., 312.
"When sovereign immunity has not been waived, the claims commissioner is authorized by statute to hear monetary claims against the state and determine whether the claimant has a cognizable claim." Krozser v. New Haven, 212 Conn. 415, 421 562 .2d 1080 (1989), cert. denied sub nom., Krozser v. Connecticut, 493 U.S. 1036,110 S.Ct 757 (1990). General Statutes 4-141 through4-165b "[create] the office of claims commissioner and [establish] the procedure for redressing claims arising from the actions of the state and its officers and employees." Spinello v. State,12 Conn. App. 449, 453, 531 A.2d 167 (1987). The claims commissioner, "when he `deems it just and equitable,' may effectively waive the state's sovereign immunity by authorizing suit `on any claim which, in his opinion, presents an issue of law or fact under which the state, were it a private person, could be liable.'" CT Page 3695 Doe v. Heintz, 204 Conn. 17, 35, 526 A.2d 1318 (1987), citing General Statutes 4-160(a)[3] However, until the claims commissioner waives the state's sovereign immunity pursuant to [4-160(a), the superior court has no jurisdiction to hear any such claim. Krozser v. New Haven, supra, 423.
As previously discussed, plaintiff commenced this suit on June 24, 1988, against seven defendants, including the State of Connecticut. However, at the time the action was instituted, plaintiff had failed to obtain the statutorily-mandated permission to sue the state from the claims commissioner, and the court, Sullivan, J. properly granted defendant's motion to dismiss the claims against the state. See Waller v. Daniels, Docket No. 0805939, Judicial District of Waterbury, (Sullivan, J., September 27, 1988). After claims commissioner granted permission, plaintiff attempted to correct this defect by amending the complaint, and by filing a motion to reargue defendant's motion to dismiss. Upon reargument of the motion, the court subsequently held that "the motion to dismiss against the State for negligence, coming under the permission statute, should be dismissed." Waller v. Daniels, Docket No. 085939, Judicial District of Waterbury, (Sullivan, J., November 22, 1989). However, a defect that implicates the subject matter jurisdiction of the court is not curable, therefore, "[p]roceedings conducted or decisions made by a court are legally void where there is an absence of jurisdiction over the subject matter." Farricielli v. Personnel Appeal Board,186 Conn. 198, 206, 440 A.2d 286 (1982).
For the reasons discussed above, the defendant's motion for summary judgment is granted.
COFIELD, J.