[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT #131
On June 21, 1986, plaintiff's decedent, Harron Waller, was stopped by a Connecticut state police officer for a speeding violation while operating a tractor trailer truck. As he was approaching the state police officer to hand her his license and registration, he was fatally injured when he was struck by a vehicle operated by Yolanda Daniels. On June 5, 1987, pursuant to General Statutes 4-160, plaintiff filed a notice of claim with the claims commissioner, requesting permission to sue the state. The claims commissioner conducted a hearing on February 1, 1989, and on February 9, 1989, the commissioner granted plaintiff permission to bring the suit.
Plaintiff brought two lawsuits in connection with the June 6, 1989 incident. The first action commenced on June 24, 1988, named seven defendants, including the State of Connecticut, (see Waller v. Daniels, Docket No. 085939, Judicial District of Waterbury), and the instant action was brought against the state on February 6, 1990 by way of a two-count complaint. The allegations and theories of liability concerning the state are nearly identical in both actions, i.e., the decedent's death was caused by the negligence of the state trooper who effected the stop of decedent's vehicle. These two cases were eventually consolidated for trial.
In the instant action, defendant moved for summary judgment on January 24, 1992, arguing that the court lacks subject matter jurisdiction over the matter because it was not brought within the statutory time period contained in Connecticut's wrongful death statute, General Statutes 52-555.[1] (Docket Item #131). Plaintiff CT Page 3684 filed an opposition to defendant's summary judgment motion on February 14, 1991, (Docket Item #136), and defendant filed a reply to plaintiff's objection by way of a memorandum dated March 9, 1992 (Docket Item #147. Oral argument was heard on this matter by this court, however, the court reserved decision on the motion until the completion of the trial.
On November 3, 1992, plaintiff filed a post-trial supplemental memorandum in opposition. (Docket Item #145). Defendant filed its supplemental memorandum in support on January 19, 1993 (Docket Item #150), and plaintiff filed a rebuttal on January 20, 1993 (Docket Item #152).
Summary judgment "`shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" (Citation omitted.) Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578, 573 A.2d 699 (1990). "`[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . .'" (Citation omitted.) Connell v. Colwell,214 Conn. 242, 246, 571 A.2d 116 (1990). "`[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue.'" (Citations omitted.) Id., 246.
As indicated, supra, defendant moved for summary judgment on January 24, 1992. Defendant argues that plaintiff failed to bring her action within the time limitations contained within General Statutes 52-555; therefore, the court lacks subject matter jurisdiction over the action.[2]
Plaintiff argues that this suit was instituted in a timely manner because the time period contained in General Statutes4-160 impliedly repeals the time limitations of 52-555, and that she did comply with the time provisions of 4-160 by commencing this action within one year of the time that the claims commissioner authorized the suit. Even if the time limitations of52-555 applied, plaintiff maintains that the presentation of a claim to the commissioner is a condition precedent to maintaining an action against the state, and the statutory time provisions do not begin to run until the condition is performed. Finally, plaintiff observes that General Statutes 4-160 was amended by public act, effective October 1, 1992, to provide that any statute CT Page 3685 of limitations applicable to actions against the state are tolled, and that this amendment is to be applied retroactively in the instant matter.
General Statutes 52-555 governs actions for injuries resulting in death, and the statute that was in effect at the time of the June 21, 1986 incident provided that:
 In any action surviving to or brought by an executor or administrator for injuries resulting in death, whether instantaneous or otherwise, such executor or administrator may recover from the party legally at fault for such injuries just damages together with the cost of reasonably necessary medical, hospital and nursing services, and including funeral expenses, provided no action shall be brought to recover such damages and disbursements but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of.
General Statutes (Rev. to 1985) 52-555.
An action for wrongful death did not exist at common law, and only exists in Connecticut as provided by the legislature. Ecker v. West Hartford 205 Conn. 219, 231, 530 A.2d 1056 (1987). As indicated above, General Statutes 52-555 contains a three year limitation period within which a party may bring a wrongful death action. Ordinarily, a statute of limitations is considered to be procedural in nature; however, when a time limitation is contained within a statute that creates a right of action that was nonexistent at common law, the time limitation is not "treated as an ordinary statute of limitation, but rather is a limitation on the liability itself . . . ." (Citation omitted.) Ecker v. West Hartford, supra, 231-32. Under these circumstances, "the time limitation is a substantive and jurisdictional prerequisite, which may be raised at any time, even by the court sua sponte." Id., 232. Thus, the three year limitation in 52-555 is a nonwaivable, jurisdictional prerequisite which must be met in order to maintain an action under the statute. Id., 233. Because 52-555 creates liability that was formerly non-existent, "the statute must be CT Page 3686 strictly construed" and a court is "not at liberty to extend, modify or enlarge its scope through the mechanics of construction." (Citations omitted.) Id.
General Statutes 4-160 governs authorization of actions against the state, and the statute in effect at the time of the decedent's death provided, in relevant part, that:
 (a) When the claims commissioner deems it just and equitable, he may authorize suit against the state on any claim which, in his opinion, presents an issue of law or fact under which the state, were it a private person, could be liable. In each such action the claimant shall allege such authorization and the date on which it was granted. The state waives its immunity from liability and from suit in each such action and waives all defenses which might arise from the eleemosynary or governmental nature of the activity complained of. The rights and liability of the state in each such action shall be coextensive with and shall equal the rights and liability of private persons in like circumstances.
 (b) No such action shall be brought but within one year from the date such authorization to sue was granted.
General Statutes (Rev. to 1985) 4-160.
The state is immune from suit unless it consents to be sued, and the General Assembly, by appropriate legislation, may waive the state's sovereign immunity from suit and authorize suits against the state. Lacasse v. Burns, 214 Conn. 464, 468,572 A.2d 357 (1990). Because the state permits itself to be sued in certain circumstances, Connecticut courts have recognized a "well established principle that statutes in derogation of sovereign immunity should be strictly construed." White v. Burns, 213 Conn. 307,312, 567 A.2d 1195 (1990). When there is any doubt about "their meaning or intent they are given the effect which makes the least rather than the most change in sovereign immunity." Id., 312.
"When sovereign immunity has not been waived, the claims CT Page 3687 commissioner is authorized by statute to hear monetary claims against the state and determine whether the claimant has a cognizable claim." Krozser v. New Haven, 212 Conn. 415, 421,562 A.2d 1080 (1989), cert denied sub nom., Krozser v. Connecticut,567 A.2d 1036, 110 S.Ct 757 (1990). General Statutes [4-141 through4-165b "[create] the office of claims commissioner and [establish] the procedure for redressing claims arising from the actions of the state and its officers and employees." Spinello v. State,12 Conn. App. 449, 453, 531 A.2d 167 (1987). The claims commissioner, "when he `deems it just and equitable,' may effectively waive the state's sovereign immunity by authorizing suit `on any claim which, in his opinion, presents an issue of law or fact under which the state, were it a private person, could be liable.'" Doe v. Heintz, 204 Conn. 27, 35, 525 A.2d 1318 (1987), citing General Statutes 4-160(a).
Plaintiff argues that her suit was timely filed because the time provision of the later statute, 4-160, impliedly repeals the time limitations of the earlier statute, 52-555. However, "[t]he rule disfavoring implied repeals is a `well established principle of statutory construction.'" (Citation omitted.) Dugas v. Lumbermens' Mutual Casualty Co. 217 Conn. 631, 641, 587 A.2d 415
(1991). Because repeal by implication is ordinarily disfavored, "the principle applies only when the relevant statutes `cannot stand together.'" Id., 641. The legislature is presumed to act with the intention of constructing a consistent body of law, and "if two statutes appear to be in conflict but can be construed with each other, then the court should give effect to both." (Citations omitted.) Id.
Section 52-555 provides that a wrongful death action may not be brought "more than three years from he date of the act complained of[,]" and 4-160 provides that no action against the state shall be brought later than one year from the time the claims commissioner authorized the suit. However, there is no inherent conflict between these provisions. When the two statutes are read together, it is apparent that 4-160(a) allows plaintiff one year to bring a suit, after the claims commissioner has authorized the suit, except that no such action may be brought more than three years after the act that gives rise to the action, i.e. 52-555.
Pursuant to 4-160, plaintiff sought permission to sue the state, and the claims commissioner granted permission to bring the suit on February 9, 1989. In accordance with the time provisions of 52-555, plaintiff had three years from the date of the CT Page 3688 incident, i.e., June 21, 1986, within which to bring this action. Plaintiff could have satisfied the provisions of both statutes by filing this suit at any time after February 9, 1989 but before June 21, 1989.
Plaintiff also argues that the presentation of a claim to the commissioner is a condition precedent to bringing an action against the state, and that a cause of action does not accrue, and the statutory time provisions do not begin to run, until the condition is performed.
In Toomey v. State of Connecticut, 7 CTLR 412, 413 (Pickett, J., September 23, 1992), plaintiffs similarly argued that they had been precluded from bringing an action within the time limitations of 52-555 because the claims commissioner did not authorize the suit until after the statute of limitations had passed. Id., 413. The court held that plaintiffs' action was timely, emphasizing that cause of action is deemed to accrue on the date "plaintiff could first have successfully commenced a suit based on the cause of action.'" (Citation omitted.) Id. Thus, the court concluded that the statute of limitations contained in 52-555 did not begin to run until the claims commissioner had granted plaintiffs permission to bring the suit. Id.
However, General Statutes (Rev. to 1985) 4-148(a) sets forth a limitation on the presentation of a claim to the claims commissioner, and it provides that:
 No claim shall be presented under this chapter but within one year after it accrues. Claims for injury to person or damage to property shall be deemed to accrue on the date when the damage or injury is sustained or discovered or in the exercise of reasonable care should have been discovered, provided no claim shall be presented more than three years from the date of the act or event complained of.
Emphasis provided.
Accordingly, for purposes of the instant matter this action is deemed to have accrued on June 21, 1986, the date of decedent's death.
Plaintiff further argues that the time provisions of 52-555
CT Page 3689 should be tolled because 4-160 was recently amended to provide for the tolling of any statute of limitations that would apply to an action against the state, and that this amendment should be applied retroactively in the instant matter.
Generally, legislation which limits or increases statutory liability is regarded as substantive in nature, and is applied in a prospective manner. Little v. Ives, 158 Conn. 452, 457,262 A.2d 174 (1969). Presumptively, a new statute that affects the substantive rights of a party should be applied prospectively, and this presumption is rebutted only when the legislature clearly and unequivocally expresses its intention that the statute should be applied retroactively; Miano v. Thorne, 218 Conn. 170, 175,588 A.2d 189 (1991); and "`when the mandate of the legislature is imperative.'" (Citations omitted.) In re Judicial Inquiry No. 85-01, 221 Conn. 625, 632, 605 A.2d 545 (1992). In addition, statutes in derogation of sovereign immunity are to be strictly construed, and when there is "doubt about their meaning or intent they are given the effect which makes the least rather than the most change in sovereign immunity." White v. Burns, 213 Conn. 307,312, 567 A.2d 1195 (1990).
General Statutes 4-160 was amended by Public Act No. 92-34, effective October 1, 1992, in pertinent part, to provide that "Any statute of limitation applicable to such action shall be tolled until the date such authorization to sue is granted."
As discussed, supra, 52-555 creates a right of action that was non-existent at common law, and the limitation period contained within the statute is viewed as a "limitation on the liability itself . . . ." Accordingly, the statutory time provision is not given procedural effect, "but, rather, is construed as a "substantive and jurisdictional prerequisite" to maintaining a suit under the statute." Ecker v. West Hartford, supra, 232. In addition, 4-160 is a statute in derogation of sovereign immunity, and the amendment does not expressly provide that it should be given retroactive effect.
Inasmuch as "statutes that effect substantial changes in the law do not apply in pending cases unless it clearly and unequivocally appears that such was the legislative intent;" In re Judicial Inquiry, supra, 632; Conn. Pub. act No. 92034, as it amends General Statutes 4-160 should be applied prospectively, not retroactively.[3]
CT Page 3690
Defendant's motion for summary judgment is granted on the basis that plaintiff did not file the instant action within the limitation period provided in General Statutes 52-555.
COFIELD, J.