[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO DISMISS (#105)
CT Page 12439
 FACTS
On January 9, 2001, the plaintiff, James Miller, filed a ten count amended complaint against the following defendants: Gerald Egan, in his official capacity as the high sheriff for New London county, Thomas Connors, in his official capacity as chief deputy sheriff in New London county, Martin Lane and Daniel Tamborra, in their official capacities as captains within the New London county sheriff's department, Richard Miller, in his official capacity as a lieutenant in the New London county sheriff's department, and the state of Connecticut. The complaint alleges four separate counts of defamation, two counts of false imprisonment, two counts of civil conspiracy, and two counts of a violation of the plaintiff's civil rights under 42 U.S.C. § 1983.
On February 5, 2001, the defendants filed a motion to dismiss the complaint on the grounds the court lacks subject matter jurisdiction because the plaintiff's claims are barred by the doctrine of sovereign immunity. On March 12, 2001, the plaintiff filed an objection to the motion to dismiss and a memorandum of law in support of his objection. Oral argument was heard on the defendants' motion on May 11, 2001.
 DISCUSSION
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process." Practice Book § 10-31. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis omitted; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader."Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998).
"It is well established that the state or city is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in certain prescribed cases. Baker v. Ives,162 Conn. 295, 298, 294 A.2d 290 (1972). Thus, in a case where a government is the defendant, courts do not have subject matter jurisdiction unless such jurisdiction is statutorily conferred. The legislature, however, has carved out certain statutory exceptions to the CT Page 12440 general rule of sovereign immunity and allowed governmental entities to be sued under certain limited circumstances. Berger, Lehman Associates,Inc. v. State, 178 Conn. 352, 356, 422 A.2d 268 (1979) (sovereign immunity can be waived by appropriate legislative action); State v.Chapman, 176 Conn. 362, 364, 407 A.2d 987 (1978)." Novicki v. New Haven,47 Conn. App. 734, 738-39, 709 A.2d 2 (1998).
"Statutes in derogation of sovereignty should be strictly construed in favor of the state, so that its sovereignty may be upheld and not narrowed or destroyed. . . . Where there is any doubt about [the] meaning or intent [of a statute in derogation of sovereign immunity, it is] given the effect which makes the least rather than the most change in sovereign immunity. . . . The state's sovereign right not to be sued may be waived by the legislature, provided clear intention to that effect is disclosed by the use of express terms or by force of a necessary implication." (Brackets in original.) Dept. of Public Works v. ECAP Construction Co.,250 Conn. 553, 558-59, 737 A.2d (1999).
In count one, the plaintiff alleges that defendant, Egan, in his official capacity, is liable for defamation. Count two alleges that the state is liable to the plaintiff because defendant, Egan, in his official capacity, defamed the plaintiff. Count three alleges that the defendants, Egan, Connors and Tamborra, acting in their official capacities, defamed the plaintiff. Count four alleges that the state is liable to the plaintiff for the defamation alleged in count three. Count five alleges that defendants, Egan, Lane and Miller, acting in their official capacities, falsely imprisoned the plaintiff. Count six alleges that the state is liable to the plaintiff for the defendants, Egan, Lane, and Miller's false imprisonment of the plaintiff. Count seven alleges that the defendants, Egan, Miller and Lane, acting in their official capacities, are liable for entering into a civil conspiracy against the plaintiff. Count eight alleges that the state is liable to the plaintiff for the civil conspiracy entered into by defendants, Egan, Miller and Lane. Count nine alleges that defendants, Egan, Miller and Lane, acting in their official capacities, violated the plaintiff's civil rights. Count ten alleges that the state is liable to the plaintiff for the violation of the plaintiff's civil rights as alleged in count nine.[1]
The defendants move to dismiss the complaint on the grounds the plaintiff's claims are barred by the doctrine of sovereign immunity. Specifically, the defendants argue that the legislature has not abrogated the sovereign immunity that shields the sheriff and the deputy sheriffs from civil tort liability and therefore, the plaintiff may not force the state or its agents to stand suit. The defendant also moves to dismiss the complaint on the grounds the court lacks subject matter jurisdiction CT Page 12441 because the plaintiff has failed to exhaust his administrative remedies and submit his claims to the claims commissioner pursuant to General Statutes § 4-142[2] and § 4-165.[3]
The plaintiff argues that the defendants' motion to dismiss should be denied because the legislature by enacting General Statutes §§ 6-30[4]
and 6-30a[5] waived the state's sovereign immunity for the tortious acts enumerated therein. The plaintiff argues that the tortious acts he has alleged in his complaint are those acts the legislature expressly determined that the state, the sheriff and deputy sheriffs should be liable for when it enacted General Statutes §§ 6-30 and 6-30a and therefore, he may maintain his suit against the defendants. The plaintiff additionally argues that he was not required to submit his claims to the claims commissioner under General Statutes § 4-142[6] because General Statutes §§ 6-30 and 6-30a allow him file a complaint for the specific torts he has alleged in his complaint without submitting those claims to the commissioner.[7]
General Statutes § 6-30 (1999 Rev. repealed, December 1, 2000.) provides: "No person shall enter upon the duties of sheriff until he executes a bond often thousand dollars, to the acceptance of the Governor, payable to the state, conditioned that he will faithfully discharge the duties of his office, including his duties when serving as deputy of another sheriff under the provisions of section 6-38, and answer all damages which any person may sustain by his unfaithfulness, malfeasance, wrongdoing, misfeasance or neglect . . .
General Statutes 6-30a (1999 Rev.) provides: "Each sheriff and deputy sheriff, on or after October 1, 1976, shall be required to carry personal liability insurance for damages caused by reason of his tortious acts. . . . For the purposes of this section "tortious act" means negligent acts, errors or omissions for which such sheriff or deputy sheriff may become legally obligated to any damages for false arrest, erroneous service of civil papers, false imprisonment, malicious prosecution, libel, slander, defamation of character, violation of property rights or assault and battery if committed while making or attempting to make an arrest or against a person under arrest; provided, it shall not include any such act unless committed in the performance of the official duties of such sheriff or deputy sheriff."
In Arbucci v. Farmers Mechanics Bank, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 458674 (June 28, 1994, Berger, J.), the court concluded that General Statutes § 6-30
and § 6-30a waived sovereign immunity as it applied to the sheriffs in so far as the tortious acts enumerated within the statutes were alleged. The court stated that "[i]t would be inconsistent and anomalous CT Page 12442 to require sheriffs to carry liability insurance and execute a bond if they were intended to be immune from suit." Id. Other Superior Courts have also determined that General Statutes § 6-30 and § 6-30a
waived sovereign immunity as it applied to the sheriff and deputy sheriffs for the specific acts enumerated in the statutes. See NationalLoan Investors v. McGuire, Superior Court, judicial district of New London, Docket No. 549085 (August 4, 1999, Martin, J.) (the state has waived sovereign immunity for the sheriff and deputy sheriffs for tortious acts enumerated in General Statutes § 6-30 and § 6-30a);Davis v. Mak, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 329180 (March 7, 1997, Thim, J.) (sovereign immunity is waived against the sheriff only for specific acts enumerated in General Statutes § 6-30a); but see Antinerella v. Rioux, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 512582 (December 23, 1992, Hennessey, J.), rev. on other grounds,229 Conn. 479, 642 A.2d 669 (1994) ("The plain words of General Statutes § 6-30 and 6-30a do not indicate any waiver of sovereign immunity. . . . While these statutes provide for a bond and personal liability insurance for damages caused by tortious acts, these statutes do not contain any language which could be construed to waive sovereign immunity and provide for a direct action by any person claiming such damages against a sheriff or deputy who may be liable.")
Additionally, the legislative history of General Statutes § 6-30a
indicates that the legislature's express purpose for passing the statute was to protect the public from "any acts which the sheriff may incur in the event that he does not have personal assets of his own to cover either misservice of process, assault or battery or any other [of] these items listed in the statute." 19 H.R.Proc., Pt. 2, 1976 Sess., p 494, remarks of Representative Tulisano.
General Statutes § 6-30a provides that each sheriff and deputy sheriff shall be liable for committing "false arrest, erroneous service of civil papers, false imprisonment, malicious prosecution, libel, slander, defamation of character, violation of property rights or assault and battery if committed while making or attempting to make an arrest or against a person under arrest. . . ." while in his or her official capacity. Assuming, without deciding, that the plaintiff has pleaded legally sufficient causes of action in counts one, two, three and four for defamation and in counts five and six for false arrest, the pleadings allege that the defendants have committed torts which the legislature determined that the sheriff and the deputy sheriffs and therefore, ultimately the state, shall be liable for. See Antinerella v. Rioux,229 Conn. 479, 489 642 A.2d 699 (1994). The plaintiff's claims in counts one, two, three, four, five and six are not, therefore, barred by the doctrine of sovereign immunity. The motion to dismiss counts one, two, CT Page 12443 three, four, five and six is denied.
In counts seven and eight, the plaintiff has alleged a cause of action for civil conspiracy. The defendants move to dismiss counts seven and eight on the grounds the court lacks subject matter jurisdiction because the plaintiff's claims are barred by sovereign immunity. The plaintiff argues that General Statutes § 6-30 and § 6-30a waive the state's sovereign immunity for the commission of a civil conspiracy because he has alleged that the sheriff and his deputies violated his property rights. Specifically, the plaintiff alleges that the defendants Egan, Lane and Miller, in their official capacities, conspired to falsely imprison the plaintiff in an attempt "to coerce the plaintiff into signing a "confession'." The defendants allegedly took this action so that they could justify taking retaliatory disciplinary action against the plaintiff for reporting alleged security and safety violations to the trial court administrator which caused the sheriff's department great embarrassment.
General Statutes § 6-30a states that each sheriff and deputy sheriff shall carry liability insurance for damages for their tortious acts which result in a violation of the plaintiff's property rights." Assuming that the plaintiff has vested rights in employment with the sheriff's department, the plaintiff has not alleged any violation of his property rights stemming from his employment. The plaintiff has not alleged that he was fired, suspended, that his pay was withheld, or that his employment was effected as a direct result of the alleged civil conspiracy. The plaintiff's claim, therefore, fails to come within an exception provided by General Statutes § 6-30a as a violation of plaintiff's property rights.
The plaintiff's allegations in counts seven and eight, however, may still state a claim which is not subject to dismissal, if it alleges that the defendants acted in excess of their statutory authority, Antinerellav. Rioux, supra. In Shay v. Rossi, 253 Conn. 134, 169, 749 A.2d 1147
(2000), our Supreme Court recently held that: "Sovereign immunity does not bar suits against state officials acting in excess of their statutory authority or pursuant to an unconstitutional statute." "In those cases in which it is alleged that the defendant officer is proceeding . . . in excess of his statutory authority, the interest in the protection of the plaintiff's right to be free from the consequences of such action outweighs the interest served by the sovereign immunity doctrine. . . . In such instances, the need to protect the government simply does not arise and the government cannot justifiably claim interference with its functions. . . . Where [however] no substantial claim is made that the defendant officer is acting pursuant to an unconstitutional enactment or in excess of his statutory authority, the purpose of the sovereign CT Page 12444 immunity doctrine requires dismissal of the suit for want of jurisdiction." (Citations omitted; internal quotation marks omitted.) Id.
"[I]n order to overcome sovereign immunity, the plaintiffs must do more than allege that the defendants' conduct was in excess of their statutory authority; they also must allege or otherwise establish facts that reasonably support those allegations." Id., 174-75. In this instance, the plaintiff alleges in counts seven and eight that the defendants wrongfully restrained him in an attempt to force him to sign a "confession' indicating that he had violated the sheriff's department's chain of command by reporting safety and security concerns to the trial court administrator causing great embarrassment to the sheriff's department. The plaintiff alleges that the defendants committed these acts in order that they could use the "confession' to justify taking disciplinary action against the plaintiff. The plaintiff further alleges that the defendants, Egan, Lane and Miller "in combination amongst themselves, conspired to commit criminal or unlawful acts, or to commit lawful acts by criminal or unlawful means upon the plaintiff, James L. Miller, in retaliation" for the plaintiff's report.
Read in the light most favorable to the plaintiff, the totality of these facts, if proven, would allow a finder of fact to determine that the defendants conspired to wrongfully restrain the plaintiff and conspired to get him to sign a `confession' so that the defendants could take retaliatory disciplinary action against the plaintiff when the defendants knew that this action was unjustified. This inference is sufficient to establish that the defendants' conduct was sufficiently egregious so as to constitute conduct that was in excess of their statutory authority, Shay, id. As such, the plaintiff has alleged a cause of action which is not barred by the doctrine of sovereign immunity. Therefore, the defendants' motion to dismiss counts seven and eight of the complaint is denied.
In counts nine and ten, the plaintiff alleges that the defendants have violated his civil rights as they are protected by 42 U.S.C. § 1983. The defendants move to dismiss counts nine and ten on the ground the court lacks subject matter jurisdiction because the claim is barred by the doctrine of sovereign immunity. The plaintiff argues that the legislature waived the defendants' sovereign immunity for the alleged violation of 42 U.S.C. § 1983 by enacting General Statues § 6-30a
because the defendants' actions violated his rights.
In counts nine and ten, the plaintiff alleges that the defendants violated his civil rights by conspiring to "wrongfully restrain" him in a jury deliberation room and attempting to "coerce the plaintiff into CT Page 12445 signing a `confession'" so that they might seek retaliatory discipline action against him for reporting alleged security and safety violations to his supervisor. Arguably, there is no more basic "liberty interest" guaranteed by the United States Constitution than the freedom from false arrest. This would appear to be the essence of a liberty interest. The plaintiff has alleged a false arrest; false arrest is specifically enumerated as a permissible claim for which General Statutes § 6-30a
provides a waiver of sovereign immunity. The facts alleged, if proven, would thus support a claim for violation of 42 U.S.C. § 1983 as well as a false arrest claim. Therefore the motion to dismiss Counts nine and ten is denied.
Failure to exhaust administrative remedies
The defendants have also moved to dismiss the complaint on the grounds the plaintiff has failed to exhaust his administrative remedies and therefore the court lacks subject matter jurisdiction. The plaintiff argues that he is not required to exhaust his administrative remedies because sovereign immunity has been waived by General Statutes § 6-30
and § 6-30a.[8]
As a general rule, "[w]hen an adequate administrative remedy exists at law, a litigant must exhaust it before the Superior Court will obtain jurisdiction over an independent action on the matter." Federal DepositIns. Corp. v. Crystal, 251 Conn. 748, 760, 741 A.2d 956 (1999). General Statutes § 4-141 through § 4-165b "creates the office of claims commissioner and establishes the procedure for redressing claims arising from the actions of the state and its officers and employees." Spinellov. State, 12 Conn. App. 449, 453, 531 A.2d 167 (1987).
General Statutes § 4-142 provides that the "Claims Commissioner . . . shall hear and determine all claims against the state except: (1) Claims for the periodic payment of disability, pension, retirement or other employment benefits; (2) claims upon which suit otherwise isauthorized by law including suits to recover similar relief arising fromthe same set of facts; (3) claims for which an administrative hearing procedure otherwise is established by law; (4) requests by political subdivisions of the state for the payment of grants in lieu of taxes; and (5) claims for the refund of taxes." (Emphasis added.)
As the plaintiff has pleaded causes of action in counts one, two, three, four, five and six for which sovereign immunity has been waived by General Statutes § 6-30 and § 6-30a and the plaintiff has pleaded causes of action in counts seven, eight, nine, and ten which are not barred by sovereign immunity because the defendants were allegedly acting in excess of their statutory authority, the plaintiff was not required to CT Page 12446 submit his claims to the claims commissioner prior to filing suit against the defendants. The defendants' motion to dismiss the complaint on this ground is, therefore, denied.
 CONCLUSION
For the foregoing reasons, the defendants' motion to dismiss the complaint is denied.
McLachlan, J.