[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS
This is a legal malpractice action against the defendant, James F. McCann, who had been appointed as the plaintiff's special public defender in a previous criminal proceeding. The defendant filed a motion to dismiss the complaint based on lack of jurisdiction by virtue of sovereign immunity. The defendant submitted a memorandum in support of his motion to dismiss, and the plaintiff filed an objection and a supporting memorandum. CT Page 3019
The motion to dismiss is the "proper vehicle for claiming any lack of jurisdiction in the trial court." Upson v.State, 190 Conn. 622, 624-25 n. 5, 461 A.2d 991 (1983). Because sovereign immunity implicates subject matter jurisdiction, it is properly raised by a motion to dismiss. Amore v. Frankel,228 Conn. 358, 364, 636 A.2d 786 (1994). The motion admits all well pleaded facts, and the complaint is construed in the light most favorable to the plaintiff. American Laundry Machine, Inc. v.State, 190 Conn. 212, 217, 459 A.2d 1031 (1983).
The state is immune from suit unless it consents to be sued. Lacasse v. Burns, 214 Conn. 464, 468, 572 A.2d 357 (1990). "[S]ince the state can act only through its officers and agents a suit against a state officer is in effect one against the sovereign state." White v. Burns, 213 Conn. 307, 312,567 A.2d 1195 (1990). "Sovereign immunity does not bar suits against state officials acting in excess of their statutory authority or pursuant to an unconstitutional statute." Krozser v. New Haven,212 Conn. 415, 421, 562 A.2d 1080 (1989), cert. denied sub. nom.Krozser v. Connecticut, 493 U.S. 1036, 110 S.Ct. 757 (1990).
In objecting to the motion to dismiss, the plaintiff relies heavily on Spring v. Constantino, 168 Conn. 563 (1975), which held that a public defender was not entitled to statutory sovereign immunity. However, General Statutes § 4-141, the statute defining "state officials and employees" was amended one year after the Spring decision. The amendment expressly included public defenders and "attorneys appointed by the court as special assistant public defenders" in the definition of "state officers and employees." Thus, the court's analysis in Spring must be viewed in the context of the court's attempt to determine whether a public defender falls within what was then the statutory definition of a "state officer". The legislature subsequently clarified the class of persons intended to be protected by sovereign immunity by specifically including special public defenders. See General Statutes §§ 4-141, 4-165.
At oral argument, the plaintiff appeared especially concerned about the fact that the defendant served as a special public defender pursuant to a contract with the Public Defender Services Commission, rendering doubtful in the plaintiff's mind the legitimacy of the defendant's status as a "state employee". It is clear, however, that it is more than the defendant's contract with the Commission that empowers him to act as a special public defender. As with any public defender, assistant CT Page 3020 public defender or a deputy assistant public defender, the special assistant public defender is authorized to act on behalf of a client only when appointed to do so by a judge of the Superior Court. General Statutes § 51-293. The plaintiff has shown no reason why, under these circumstances, this court should conclude that there is anything improper about the legislature's specifically including special assistant public defenders within the definition of "state officers and employees."
The facts as pleaded in the complaint allege negligent acts, rather than wanton, reckless and malicious acts. Therefore, the defendant is protected by sovereign immunity, and the defendant's motion to dismiss for lack of subject matter jurisdiction is granted.