[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS #101
Presently before the court is the motion to dismiss filed by the defendants based in sovereign immunity and res judicata.
The plaintiff makes the following allegations in his complaint. On June 6, 1995, defendant corrections officer Farrar went to the plaintiff's cell where he harassed the plaintiff about some legal work contained in boxes and verbally assaulted him. As a result, the plaintiff went to speak with the unit manager regarding Farrar's conduct. While the plaintiff was speaking to the unit manager about his grievance, the "defendant Farrar called the unit manager's office and lied about why [the] plaintiff was [upset] and about giving a [direct] order for plaintiff not to go see the unit manager." In addition, Farrar refused to let the plaintiff attend church because he "was acting out of [spite] because [the plaintiff] had filed [a] prior action . . . against defendant Farrar."
Captain Dest "is a willing collaborator to the harassment" and "placed sanctions on the plaintiff, confining plaintiff to cell for a period of 15 days and [denied a] liberty [interest] by taking away 15 days earned by the plaintiff."
Counselor Egan, the acting unit manager "is a willing collaborator to the harassment by [defendant Farrar]" and "has also denied the plaintiff [the] right of access to [a] law library and the Court." Specifically, the plaintiff alleges that defendant Egan "refused to sign an emergency access form" and refused to allow the plaintiff to call the court to get a court date.
The plaintiff also alleges he suffered emotional distress as a result of the actions of each of the defendants.
The plaintiff seeks the following relief: a declaratory judgment that the defendants' acts constitute "deliberate indifference"; a temporary injunction to prohibit the defendants from transferring assets and funds from their personal accounts;[1]
and compensatory and punitive damages, including costs and attorney's fees.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a CT Page 12198 matter of law and fact state a cause of action that should be heard by the court." Gurliacci v. Mayer, 218 Conn. 531, 544. In deciding a motion to dismiss, the trial court must consider the allegations of the complaint in their most favorable light. Savagev. Aronson, 214 Conn. 256, 264. However, "[a] ruling on a motion to dismiss is neither a ruling on the merits of the action . . . nor a test of whether the complaint states a cause of action."Discover Leasing, Inc. v. Murphy, 33 Conn. App. 303. Rather, "[m]otions to dismiss are granted solely on jurisdictional ground."[2] Id. "The doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." Amore v. Frankel, 228 Conn. 358, 364.
"We have long recognized the common-law principle that a state cannot be sued without its consent. . . . We have also recognized that because the state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state. . . . Therefore, we have dealt with such suits as if they were solely against the state and have referred to the state as the defendant". Sentner v. Board of Trustees, 184 Conn. 339, 342.
"Section 1983 does not abrogate the common law doctrine of sovereign immunity." Krozser v. New Haven, 212 Conn. 415, 422.[3]
State officials may not be sued in their official capacities for monetary damages unless the state consents to be sued. "It does not necessarily follow, however, that every action in which state officials or members of state agencies are named defendants and designated by official titles should be treated as an action against the state such as to clothe the defendants with immunity from suit." Antinerella v. Rioux, 229 Conn. 479, 487.
"Sovereign immunity does not bar suits against state officials acting in excess of their statutory authority or pursuant to an unconstitutional statute."[4] Id., 487-88. In this case, there is no allegation that state officials acted in excess of their statutory authority or pursuant to an unconstitutional statute. The doctrine of sovereign immunity is applicable.
"Before a claimant may pursue any monetary claim against the state, if the doctrine of sovereign immunity is applicable, the state must consent to be sued. . . . The claims commissioner . . . may waive that immunity pursuant to General Statutes § 4-160(a) and consent to suit."[5] Krozser v. New Haven, supra, 212 Conn. 423. CT Page 12199 In this case, there is no allegation that the plaintiff received permission from the claims commissioner to sue the state. Since the state has not waived its immunity from suit for money damages, the doctrine of sovereign immunity requires dismissal of all claims against the defendants in their official capacities.
Although the doctrine of sovereign immunity bars the claims for monetary damages against the defendants in their official capacities, it does not necessarily bar the claims against them in their individual capacities.[6] General Statutes § 4-165 provides in pertinent part:
 No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment. Any person having a complaint for such damages or injury shall present it as a claim against the state under the provisions of this chapter.
Although the statute requires a plaintiff to get permission from the claims commissioner to sue a state official or employee for negligence, no such permission is required to bring a claim for reckless, wanton or malicious conduct.
In this case, the plaintiff alleges that he was subjected to acts of harassment by the defendants, including confinement to his cell and revocation of good time credits, denial of access to the law library and courts and denial of access to church. Since the complaint alleges conduct which may be "wanton, reckless, and malicious," the motion to dismiss is denied with respect to defendants in their individual capacities.
Defendants cite a variety of cases in support of the argument that the plaintiff's allegations do not state cognizable claims under 42 U.S.C. § 1983.[7] Such issues may be addressed on a motion to strike or on a motion for summary judgment but not on this motion to dismiss.
Also the defendants assert that the plaintiff is barred, under the doctrine of res judicata and/or collateral estoppel, from relitigating similar issues previously decided by other courts; however, "[r]es judicata is not included among the permissible grounds on which to base a motion to dismiss." Zizka v. WaterPollution Control Authority, 195 Conn. 682, 687. see also Labbe v.Pension Commission, 229 Conn. 801, 816. Rather, "it is a special CT Page 12200 defense that is to be considered after any jurisdictional thresholds are passed." Labbe v. Pension Commission, supra,229 Conn. 816.
Accordingly, (1) the motion to dismiss as to claims for monetary damages against the defendants in their official capacities is granted; (2) the motion to dismiss as to claims against the defendants in their individual capacities is denied; (3) the motion to dismiss claims for injunctive relief is denied; and (4) the motion to dismiss claims for declaratory relief is denied.
Ronald J. Fracasse, Judge