JACOB J. KROZSER, ADMINISTRATOR (ESTATE OF STEPHEN T. KROZSER) *v.* CITY OF NEW HAVEN ET AL. (13589)

SHEA, CALLAHAN, GLASS, COVELLO and HULL, Js.

Argued May 11—decision released August 1, 1989

Louis M. Winer, for the appellant (plaintiff).

Richard T. Couture, assistant attorney general, with whom, on the brief, were Clarine Nardi Riddle, acting attorney general, and Joseph I. Lieberman, former attorney general, for the appellees (defendant state of Connecticut et al.).

CALLAHAN, J. The issue presented in this appeal is whether the trial court erred in dismissing the plaintiff's complaint for money damages against the state of Connecticut and the commissioner of correction because the suit was barred by the doctrine of sovereign immunity.[1] The plaintiff contends that in this cause of action brought pursuant to 42 U.S.C. § 1983,[2] the Superior Court had the authority to waive sovereign immunity and to allow an action to proceed against the state even though the claims commissioner had not authorized the suit pursuant to General Statutes § 4-160 (a).[3] We disagree.

---

[1] Initially, the city of New Haven was named as a defendant. The suit against the city was subsequently withdrawn.

[2] "[42 U.S.C.] § 1983. CIVIL ACTION FOR DEPRIVATION OF RIGHTS

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

[3] General Statutes (Rev. to 1985) § 4-160 (a) provides in pertinent part: "AUTHORIZATION OF ACTIONS AGAINST THE STATE. (a) When the claims commissioner deems it just and equitable, he may authorize suit against the state on any claim which, in his opinion, presents an issue of law or fact

The plaintiff, Jacob J. Krozser, administrator of the estate of Stephen F. Krozser, filed a complaint in the Superior Court seeking damages, pursuant to 42 U.S.C. §§ 1983 and 1988,[4] against the state of Connecticut and Raymond Lopes, in his official capacity as the commissioner of correction. The defendants moved to dismiss, claiming that sovereign immunity barred the plaintiff's action. The trial court granted the defendants' motion concluding that (1) the doctrine of sovereign immunity barred the complainant's claim against the state, and (2) the state is not a "person" within the meaning of 42 U.S.C. § 1983.[5] The plaintiff appealed to the Appel-

under which the state, were it a private person, could be liable. In each such action the claimant shall allege such authorization and the date on which it was granted. The state waives its immunity from liability and from suit in each such action and waives all defenses which might arise from the eleemosynary or governmental nature of the activity complained of. The rights and liability of the state in each such action shall be coextensive with and shall equal the rights and liability of private persons in like circumstances. . . ."

[4] "[42 U.S.C.] § 1988. PROCEEDINGS IN VINDICATION OF CIVIL RIGHTS; ATTORNEY'S FEES

"The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this Title, and of Title 'CIVIL RIGHTS,' and of Title 'CRIMES,' for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extented to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty. In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

[5] The plaintiff did not contest the trial court's ruling that the state is not a person within the meaning of 42 U.S.C. § 1983. Since we affirmed the

late Court. Thereafter, we transferred the appeal to ourselves pursuant to Practice Book § 4023. We find no error.

On June 12, 1985, Stephen F. Krozser died while incarcerated at the New Haven Community Correctional Center. On June 10, 1986, pursuant to General Statutes §§ 4-147 and 4-165b,[6] the plaintiff filed a notice of claim with the claims commissioner seeking permission to sue the state of Connecticut. In his notice of

trial court's ruling based upon the first ground, we did not address that issue. On June 15, 1989, however, the United States Supreme Court in *Will* v. *Michigan Department of State Police,*      U.S.      , 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989), ruled that a state or state official while acting in his official capacity is not a "person" within the meaning of § 1983.

[6] "[General Statutes] Sec. 4-147. NOTICE OF CLAIM. FILING FEES. Any person wishing to present a claim against the state shall file with the clerk of the office of the claims commissioner a notice of claim, in duplicate, containing the following information: (1) The name and address of the claimant; the name and address of his principal, if the claimant is acting in a representative capacity, and the name and address of his attorney, if the claimant is so represented; (2) a concise statement of the basis of the claim, including the date, time, place and circumstances of the act or event complained of; (3) a statement of the amount requested, and (4) a request for permission to sue the state, if such permission is sought. A notice of claim, if sent by mail, shall be deemed to have been filed with the office of the claims commissioner on the date such notice of claim is postmarked. Claims in excess of one thousand dollars shall be accompanied by a check or money order in the sum of twenty-five dollars payable to the treasurer, state of Connecticut. Claims for one thousand dollars or less shall be accompanied by a check or money order in the sum of ten dollars payable to the treasurer, state of Connecticut. Fees may be waived by the commissioner for good cause but such action by the commissioner shall not relieve the claimant from the obligation of filing his notice of claim in timely fashion within the statute of limitations under section 4-148. The clerk of the office of the claims commissioner shall promptly deliver a copy of the notice of claim to the attorney general. Such notice shall be for informational purposes only and shall not be subject to any formal or technical requirements, except as may be necessary for clarity of presentation and facility of understanding."

"[General Statutes] Sec. 4-165b. CLAIMS AGAINST THE STATE BY INMATES OF STATE CORRECTIONAL AND REFORMATORY INSTITUTIONS. (a) On and after May 3, 1976, any inmate of any institution of the department of correction or the department of children and youth services who suffers an injury which

claim and his subsequent complaint to the Superior Court, the plaintiff alleged that while the plaintiff's decedent was incarcerated at the correctional center the defendants were deliberately indifferent to, and failed to provide for, his serious medical needs. The plaintiff further alleged that the defendants' conduct was a violation of his decedent's rights under the eighth and fourteenth amendments to the United States constitution and directly resulted in his decedent's death.

For reasons that are not clear from the record, the claims commissioner never acted upon the plaintiff's request to sue the state.[7] Consequently, the plaintiff filed the instant action in the Superior Court, apparently because the two year statute of limitations for wrongful death, embodied in General Statutes § 52-555, was about to expire.[8]

On appeal, the plaintiff asserts that the trial court had the authority to waive the state's sovereign immunity in a § 1983 suit for money damages and therefore it erred when it dismissed his action. The plaintiff's argument is three-pronged. He first contends that a complainant need not exhaust his "administrative remedies" prior to bringing a § 1983 action in the state

results in a fatality or in a permanent handicap may file a claim against the state. Such claim shall be heard and decided in accordance with the provisions of this chapter.

"(b) All matters pending before the committee established pursuant to section 18-95 of the general statutes, revision of 1958, revised to 1975, on May 3,1976, shall be construed as pending with the same status with the claims commissioner on said date."

[7] The plaintiff blames the death of the claims commissioner and the resultant delays for the lack of activity on his claim. The state claims that plaintiff's allegation is "misleading in that it fails to disclose that the plaintiff has yet to comply with discovery requests filed by the defendants in March, 1987."

[8] At oral argument, the question was posed from the bench whether the plaintiff would be barred by the statute of limitations from asserting his 42 U.S.C. § 1983 claim against the state. Neither party briefed the issue. Accordingly, we will not decide it at this time.

court. He next claims that the state trial court may "borrow" applicable state law, pursuant to 42 U.S.C. § 1988, to supplement federal law. In this regard, the plaintiff argues that the Superior Court may "borrow" and apply General Statutes § 4-160 (a), which sets forth the standard to be used by the claims commissioner, to determine whether to authorize suit against the state. Finally, the plaintiff contends that chapter 53 of the General Statutes[9] "discriminates" against the assertion of his decedent's federal rights under 42 U.S.C. § 1983. We are unpersuaded.

" 'We have long recognized the common-law principle that the state cannot be sued without its consent. *Horton* v. *Meskill,* 172 Conn. 615, 623, 376 A.2d 359 (1977); *Textron, Inc.* v. *Wood,* 167 Conn. 334, 339, 355 A.2d 307 (1974). We have also recognized that because the state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state. *Horton* v. *Meskill,* supra; *Textron, Inc.* v. *Wood,* supra; *Baker* v. *Ives,* 162 Conn. 295, 297, 294 A.2d 290 (1972); *Murphy* v. *Ives,* 151 Conn. 259, 262, 196 A.2d 596 (1963); *Anderson* v. *Argraves,* 146 Conn. 316, 320, 150 A.2d 295 (1959). Therefore, we have dealt with such suits as if they were solely against the state and have referred to the state as the defendant. *Anselmo* v. *Cox,* 135 Conn. 78, 79–80, 60 A.2d 767, cert. denied, 335 U.S. 859, 69 S. Ct. 132, 93 L. Ed. 405 (1948); *Rusch* v. *Cox,* 130 Conn. 26, 34, 31 A.2d 457 (1943).' (Footnote omitted.) *Sentner* v. *Board of Trustees,* [184 Conn. 339, 342–43, 439 A.2d 1033 (1981)]." *Fetterman* v. *University of Connecticut,* 192 Conn. 539, 550–51, 473 A.2d 1176 (1984).

The absolute bar of actions against the state on the ground of sovereign immunity has been modified by

---

[9] Chapter 53 includes General Statutes §§ 4-141 through 4-165b.

statute and by judicial decisions. "Sovereign immunity does not bar suits against state officials acting in excess of their statutory authority or pursuant to an unconstitutional statute. *Horton* v. *Meskill*, [supra, 624]." *Doe* v. *Heintz*, 204 Conn. 17, 31, 526 A.2d 1318 (1987). In addition, the state cannot use sovereign immunity as a defense in an action for declaratory or injunctive relief. Id. However, "[i]n the absence of legislative authority . . . we have declined to permit any monetary award against the state or its officials. *Fetterman* v. *University of Connecticut*, [supra, 550]; *State* v. *Chapman*, 176 Conn. 362, 365, 407 A.2d 987 (1978)." Id., 32. Further, " '[s]tatutes in derogation of sovereignty should be strictly construed in favor of the state, so that its sovereignty may be upheld and not narrowed or destroyed.' *Berger, Lehman Associates, Inc.* v. *State*, 178 Conn. 352, 356, 422 A.2d 268 (1979), quoting *Spring* v. *Constantino*, 168 Conn. 563, 570, 362 A.2d 871 (1975)." *Duguay* v. *Hopkins*, 191 Conn. 222, 232, 464 A.2d 45 (1983).

When sovereign immunity has not been waived, the claims commissioner is authorized by statute to hear monetary claims against the state and determine whether the claimant has a cognizable claim. See General Statutes §§ 4-141 through 4-165b. The claims commissioner, if he deems it "just and equitable," may sanction suit against the state on any claim "which, in his opinion, presents an issue of law or fact under which the state, were it a private person, could be liable." General Statutes § 4-160 (a). "This legislation expressly bars suits upon claims cognizable by the claims commissioner except as he may authorize, an indication of the legislative determination to preserve sovereign immunity as a defense to monetary claims against the state not sanctioned by the commissioner or other statutory provisions. General Statutes §§ 4-148 (b), 4-160." *Doe* v. *Heintz*, supra, 35–36.

The plaintiff is unable to point to any statute that waives the state's sovereign immunity in the present case. In addition, the plaintiff concedes that he has never received permission from the claims commissioner to sue the state. He argues, however, that under *Patsy* v. *Florida Board of Regents,* 457 U.S. 496, 102 S. Ct. 2557, 73 L. Ed. 2d 172 (1982), he is not required to obtain the consent of the claims commissioner prior to bringing his § 1983 claim in the Superior Court. In *Patsy,* the United States Supreme Court held that "exhaustion of state administrative remedies should not be required as a prerequisite to bringing an action pursuant to § 1983." Id., 516. Consequently, the plaintiff contends he need not obtain permission prior to proceeding against the state in a § 1983 action. We disagree.

₀ Section 1983 does not abrogate the common law doctrine of sovereign immunity. "In *Owen* v. *Independence,* 445 U.S. 622, 100 S. Ct. 1398, 63 L. Ed. 2d 673, reh. denied, 446 U.S. 993, 100 S. Ct. 2979, 64 L. Ed. 2d 850 (1980), the United States Supreme Court stated that '[w]here the immunity claimed by the defendant was well established at common law at the time Section 1983 was enacted, and where its rationale was compatible with the purposes of the Civil Rights Act, we have construed the statute to incorporate that immunity.' Id., 638. The doctrine of sovereign immunity was well established at common law at the time § 1983 was enacted. It is supported by a strong policy reason; that is, to prevent the imposition of enormous fiscal burdens on states. As concluded by the court in *Quern* v. *Jordan,* 440 U.S. 332, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979), Congress did not intend 'by the general language of Section 1983 to override the traditional sovereign immunity of the States.' Id., 341." *Fetterman* v. *University of Connecticut,* supra, 551–52.

The plaintiff, however, contends that the trial court and the claims commissioner have concurrent jurisdiction to authorize suits against the state and therefore he should not be required to first exhaust what he denotes as his "administrative remedy" under chapter 53 of the General Statutes prior to commencing suit. We disagree. Before a claimant may pursue any monetary claim against the state, if the doctrine of sovereign immunity is applicable, the state must consent to be sued. *Pennhurst State School & Hospital* v. *Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984); *Fetterman* v. *University of Connecticut,* supra, 550. The claims commissioner, as previously noted, may waive that immunity, pursuant to General Statutes § 4-160 (a), and consent to suit. Until that happens, however, the Superior Court has no jurisdiction to hear any such monetary claim. " 'A statute giving a right to costs in general terms will not be construed to include an award against the State, because the State is invested with the immunities from legal process, mesne and final, which at common law belonged to the King and there would be no power in the court to enforce its decree.' [*State* v. *Chapman,* supra, 365]; *State* v. *Anderson,* 82 Conn. 392, 393–94, 73 A. 751 (1909). '[I]t is a general principle that what courts cannot enforce they cannot decree.' *State* v. *Anderson,* supra, 393; see *Pellegrino* v. *O'Neill,* 193 Conn. 670, 683, 480 A.2d 476, cert. denied, 469 U.S. 875, 105 S. Ct. 236, 83 L. Ed. 2d 176 (1984)." *Doe* v. *Heintz,* supra, 32–33. "The question whether the principles of governmental immunity from suit and liability are waived is a matter for legislative, not judicial, determination. *Rogan* v. *Board of Trustees,* 178 Conn. 579, 582, 424 A.2d 274 (1979); *Bergner* v. *State,* 144 Conn. 282, 286–87, 130 A.2d 293 (1957)." *Duguay* v. *Hopkins,* supra, 228.

In keeping with that premise, the entire legislative scheme of chapter 53, which authorizes claims against the state, makes clear that it is the claims commissioner, pursuant to legislation, that can waive sovereign immunity and not the courts. The legislation pertinent to this appeal expressly provides that, "[w]hen the claims commissioner deems it just and equitable, he may authorize suit against the state"; General Statutes § 4-160 (a); and that when "any inmate of any institution of the department of correction" brings a claim against the state for an injury which results in a fatality, that claim must be heard and decided in accordance with the provisions of chapter 53. General Statutes § 4-165b. The Superior Court, therefore, has no authority to hear a claim for monetary damages against the state when the doctrine of sovereign immunity is applicable.[10] That jurisdiction, in the first instance, resides by statute solely in the claims commissioner.

The plaintiff maintains, however, that 42 U.S.C. § 1988 confers jurisdiction on the Superior Court to waive the state's sovereign immunity and allow it to be sued. Specifically, the plaintiff contends that § 1988 authorizes the trial court to "borrow" General Statutes § 4-160 (a) to determine whether his claim presents an issue under which the state, were it a private person, could be liable. The plaintiff claims that by thus

[10] Moreover, this reading of the statute is consistent with our interpretation of chapter 53 in *Circle Lanes of Fairfield, Inc.* v. *Fay*, 195 Conn. 534, 489 A.2d 363 (1985). In *Circle Lanes of Fairfield, Inc.*, we concluded that the Superior Court lacked jurisdiction to hear appeals from the claims commissioner because General Statutes § 4-164a expressly exempted the claims commissioner from the operation of General Statutes § 4-183, the provision of the Uniform Administrative Procedure Act that permits an appeal to the Superior Court. Further, when the commissioner recommends payment of a claim against the state in excess of $7500, it is the legislature, not the court, that reviews the commissioner's decision. See General Statutes § 4-159.

allowing the trial court to authorize suit against the state we would be fostering the "goal of compensation" underlying § 1983. We disagree.

Section 1988 "recognizes that in certain areas 'federal law is unsuited or insufficient "to furnish suitable remedies" '; federal law simply does not 'cover every issue that may arise in the context of a federal civil rights action.' *Moor* v. *County of Alameda,* 411 U.S. 693, 703 [93 S. Ct. 1785, 36 L. Ed. 2d 596] (1973) [reh. denied, 412 U.S. 963, 93 S. Ct. 2999, 37 L. Ed. 2d 1012 (1973), overruled on other grounds, *Monell* v. *New York City Department of Social Services,* 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)], quoting 42 U.S.C. § 1988." *Robertson* v. *Wegmann,* 436 U.S. 584, 588, 98 S. Ct. 1991, 56 L. Ed. 2d 554 (1978). "The century-old Civil Rights Acts do not contain every rule of decision required to adjudicate claims asserted under them." *Burnett* v. *Grattan,* 468 U.S. 42, 47, 104 S. Ct. 2924, 82 L. Ed. 2d 36 (1984). Federal courts under § 1988 may therefore look to state law to fill the void. Id., 48; *Robertson* v. *Wegmann,* supra.

"Most decisions concerning the borrowing of state law . . . have arisen from [a] need to borrow provisions, such as statutes of limitations, tolling policies, and survival rules, that serve the exclusive purpose of defining that point where the right to maintain a cause of action ends." *Brown* v. *United States,* 742 F.2d 1498, 1505 (D.C. Cir. 1984), cert. denied sub nom. *District of Columbia* v. *Brown,* 471 U.S. 1073, 105 S. Ct. 2153, 85 L. Ed. 2d 509 (1985). Section 1988 "instructs federal courts as to what law to apply in causes of actions arising under federal civil rights acts. But . . . the section, without more, was [not] meant to authorize the wholesale importation into federal law of state causes of action—not even one purportedly designed for the protection of federal civil rights." *Moor* v. *County of Alameda,* supra, 703–704. Section 1988 applies only

when federal law is inapplicable or in some way deficient. *Brown* v. *United States,* supra, 1504. The fact that the plaintiff cannot, without consent, sue the state in an action under § 1983 for money damages is not, however, simply a matter of a deficiency in federal law. Sovereign immunity is a matter of substantive state law that has been consistently recognized as not having been abrogated by § 1983. See discussion, supra.

Next, the plaintiff claims that chapter 53 discriminates against the assertion of his federal rights. In support of his argument, the plaintiff relies primarily on the recent United States Supreme Court case of *Felder* v. *Casey,*      U.S.      , 108 S. Ct. 2302, 101 L. Ed. 2d 123 (1988). *Felder* is inapposite. The state notice-of-claim statute struck down in *Felder* produced "different outcomes in § 1983 litigation based solely on whether the claim [was] asserted in state or federal court . . . . " Id., 138. *Felder* involved a claim under § 1983 against the city of Milwaukee and its police officers. The notice-of-claim statute in question in that case imposed restrictions on a claimant which raised a § 1983 cause of action against a municipality and its officers in the state court, but did not apply to such claims if brought by the claimant in the federal court. Id., 142–45. Consequently, the statute made it more difficult for the claimant to sue under § 1983 in the state court. The present case poses no such problem. As the plaintiff conceded at oral argument, the eleventh amendment would be a complete bar to his cause of action in the federal court.[11] *Pennhurst State School*

---

[11] The eleventh amendment to the United States constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

We note that in *Patsy* v. *Florida Board of Regents,* 457 U.S. 496, 102 S. Ct. 2557, 73 L. Ed. 2d 172 (1982), the United States Supreme Court did not address whether the eleventh amendment would nevertheless bar

*& Hospital* v. *Halderman,* supra, 98; *Fitts* v. *McGhee,* 172 U.S. 516, 524, 19 S. Ct. 269, 43 L. Ed. 535 (1899); *Hans* v. *Louisiana,* 134 U.S. 1, 10 S. Ct. 504, 33 L. Ed. 842 (1890). Likewise, the doctrine of sovereign immunity would bar the plaintiff's cause of action in the state court. The plaintiff, therefore, is treated equally in both jurisdictions, avoiding the problem addressed by the United States Supreme Court in *Felder* v. *Casey,* supra.

There is no error.

In this opinion the other justices concurred.

the suit on the basis of the sovereign immunity of the state. "Nothing in this opinion precludes the Board of Regents from raising its Eleventh Amendment claim on remand." Id., 515–16 n.19.