[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Wiggin Dana for plaintiff.
Assistant Attorney General Laurie Adler for defendant.
MEMORANDUM OF DECISION RE: JURISDICTION
On June 23, 1992, the State Board of Accountancy (the "Board") served on Arthur Andersen Co. ("Andersen") a subpoena pursuant to Connecticut General Statutes § 20-280bet seq. commanding Andersen to produce documents to the Board in connection with the Board's investigation of Andersen's work for Colonial Realty Company. In response to that subpoena, Andersen produced approximately 100,000 pages of documents to the office of the Attorney General.
In May of 1993 the Attorney General issued a report to the CT Page 1035-B Board concerning Andersen's work for the Colonial Realty Company. Thereafter a number of parties, including the Hartford Courant and private litigants who have brought suit against Andersen, submitted FOIA requests to the Attorney General seeking disclosure of some or all of the documents that Andersen had produced. The Attorney General took the position that the documents were subject to disclosure under the Freedom of Information Act ("FOIA"), Connecticut General Statutes § 1-18a
to 1-21k. However, pursuant to an agreement with Andersen, he refrained from disclosing the documents pending Andersen's attempt to obtain an adjudication of the legality of disclosure.
On June 11, 1993 Andersen commenced this action in which it seeks to enjoin the disclosure of the documents by the Attorney General. The complaint is in three counts. The First Count alleges that release of Andersen's documents would violate theFifth and Fourteenth Amendments of the United States Constitution and article first, section 11 of the Connecticut Constitution in that it would constitute a taking of private property for public use without just compensation. The Second Count alleges that disclosure of Andersen's documents would constitute a deprivation of its property without due process of law in violation of theFourteenth Amendment of the United States Constitution and article first, section 10 of the Connecticut Constitution. The Third Count alleges that disclosure of the documents is prohibited under the FOIA.
On June 11, 1993, this court heard argument on Andersen's Application for a Temporary Restraining Order and entered an order enjoining the Attorney General from disclosing the documents until further order of the court. At that hearing several parties raised a question concerning the subject-matter jurisdiction of the court in this case. The court allowed the original parties and intervening parties to submit briefs on the jurisdictional issue.
After a review of the memoranda of law submitted by all parties this court has determined that it has jurisdiction to hear Andersen's Application.
The defendant and the intervening party, the Hartford Courant, argue that the court lacks jurisdiction to hear this case for the following reasons. Under the provisions of the FOIA court intervention occurs, with certain narrow exceptions, only in the context of an appeal from the decision of the Freedom of Information Commission CT Page 1035-C ("FOIC"). An appeal to the FOIC has not occurred in this case because the Attorney General has agreed to disclose the requested documents. The FOIA grants the Attorney General the discretion to disclose any public records in his possession regardless of whether those records are exempt from disclosure because the FOIA exemptions permit an agency to withhold disclosure, but do not prohibit disclosure. Therefore, the court lacks the authority to enjoin disclosure of the documents in question.
The foregoing is merely a very brief summary of the memoranda of the Attorney General and the Hartford Courant in which they present extensive support for their position that if the documents turned over to the Attorney General by Andersen are public records within the meaning of the FOIA, which Andersen does not concede, then Andersen cannot prevent their voluntary disclosure and the court lacks the authority to enjoin such disclosure. However, the argument does not address the issue of the court's subject matter jurisdiction.
The Attorney General has cited the following cases for the proposition that a court may not review an administrative decision unless the legislature has specifically authorized such review. White v. Burns, 213 Conn. 307, 312-13, 567 A.2d 1195
(1990); Krozser v. New Haven, 212 Conn. 415, 421,562 A.2d 1080 (1989); Horton v. Meskill, 172 Conn. 615, 624-25,376 A.2d 359 (1977). The cited portions of those cases deal with the issue of whether the doctrine of sovereign immunity bars suits against state officials. Where the sovereign immunity doctrine bars an action, it is subject to dismissal for want of jurisdiction.Horton v. Meskill, supra at 624. However, sovereign immunity does not bar suits against state officials acting in excess of their statutory authority or pursuant to an unconstitutional statute or suits for declaratory or injunctive relief. Krozser v. New Haven,supra. "In those cases in which it is alleged that the defendant officer is proceeding under an unconstitutional statute or in excess of his statutory authority, the interest in the protection of the plaintiff's right to be free from the consequences of such action outweighs the interest served by the sovereign immunity doctrine. Moreover, the government cannot justifiably claim interference with its function when the acts complained of are unconstitutional or unauthorized by statute." Horton v. Meskill,supra, citing, inter alia, Marbury v. Madison, 5 U.S. (1 Cranch) 137 (1803). The First and Second Counts of Andersen's Verified Complaint expressly challenge the constitutionality of the Attorney General's conduct. The Third Count includes allegations that CT Page 1035-D the Attorney General is acting, or intending to act, in a manner contrary to his statutory authority. Moreover, all counts seek injunctive relief.
For the foregoing reasons, the court has determined that it does have jurisdiction in this case and an evidentiary hearing to determine whether the temporary injunction will remain in effect will be scheduled forthwith.
Aurigemma, J.