[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff initiated this action against Southbury Police Officer George Slailby, the Town of Southbury, the Southbury Police Department, State Police Officers William Cannon and Raymond Augustyn, Hines Brother's Garage, Inc., and Peter B. Cura Sons, Inc. The plaintiff alleges that on April 10, 1992, while operating his motor vehicle on the entrance ramp to I-84 in Southbury, a state police officer stopped him for his failure to have a valid registration for the vehicle. The plaintiff alleges that the officer refused to let the plaintiff operate his vehicle in order to remove it from the entrance ramp and the officer ordered the vehicle towed to the Hines Brother's Garage. The plaintiff alleges that on April 16, 1992, Officer Slailby ordered the vehicle moved from the Hines Brother's Garage to the Peter B. Cura Sons junk yard, where the vehicle was destroyed with all its contents. The plaintiff alleges that four days later on April 20, 1992, apparently after the vehicle had already been destroyed, State Police Officers Cannon and Augustyn negligently notified a previous owner that the car had been taken into custody, even though the plaintiff was the last registered owner and the ticketed driver of the vehicle.
The plaintiff claims in the third count that defendants Cannon and Augustyn failed to use reasonable care in determining the owner of the vehicle and in providing the plaintiff with notice, pursuant to General Statutes § 14-150(e), that his vehicle had been impounded and was to be destroyed. In count eight of the complaint, also directed against defendants Cannon and Augustyn, the plaintiff incorporates the allegations of the third count and claims a cause of action for negligent bailment. CT Page 8538
The defendants Cannon and Augustyn filed a motion to dismiss the plaintiff's complaint as against them on the ground that the court lacks subject matter jurisdiction over the action against them. The plaintiff failed to file a memorandum in opposition to the motion.
"A motion to dismiss tests, inter alia, whether on the face of the record, the court is without jurisdiction." Upson v.State, 190 Conn. 622, 624, 461 A.2d 991 (1983). "[A]s soon as the jurisdiction of the court to decide an issue is called into question, all other action in the case must come to a halt until such a determination is made." Gurliacci v. Mayer, 218 Conn. 531,544-45, 490 A.2d 509 (1991). If, on the face of the record, the court concludes that it is without jurisdiction, the complaint must be dismissed. Upson v. State, supra.
Defendants Cannon and Augustyn argue that, before bringing an action in Superior Court which alleges negligence on the part of state officials in the performance of their official duties, the doctrine of sovereign immunity requires the plaintiff to obtain permission to sue from the claims commissioner, pursuant to General Statutes § 4-161.
"[T]he doctrine of sovereign immunity operates as bar to subject matter jurisdiction." Barde v. Board of Trustees,207 Conn. 59, 66, 539 A.2d 1000 (1988) (holding that where plaintiff's complaint against the state and state officials failed to allege constitutional claims, which were not barred by sovereign immunity, sovereign immunity was applicable and the court, therefore, did not have subject matter jurisdiction over the complaint).
 Before a claimant may pursue any monetary claim against the state, if the doctrine of sovereign immunity is applicable, the state must consent to be sued. . . . The claims commissioner, as previously noted, may waive that immunity, pursuant to General Statutes § 4-160(a), and consent to suit. Until that happens, however, the Superior Court has no jurisdiction to hear any such monetary claim.
(Citations omitted.) Krozser v. New Haven, 212 Conn. 415, 423,562 A.2d 1080 (1989), cert. denied sub nom., Krozser v.Connecticut, 493 U.S. 1036, 110 S.Ct. 757 (1990). CT Page 8539
General Statutes § 4-165 provides that:
 [n]o state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment. Any person having a complaint for such damage or injury shall present it as a claim against the state under [Chapter 53 of the Connecticut General Statutes, General Statutes §§ 4-141
to 4-165b].
General Statutes § 4-148(b) dictates that "[n]o claim cognizable by the claims commissioner shall be presented against the state except under the provisions of [Chapter 53 of the Connecticut General Statutes]." Under General Statutes § 4-142, the claims commissioner has jurisdiction to:
 hear and determine all claims against the state except: (1) claims for the periodic payment of disability, pension, retirement or other employment benefits; (2) claims upon which suit is otherwise authorized by law; (3) claims for which an administrative hearing procedure otherwise is established by law; (4) requests by political subdivisions of the state for the payment of grants in lieu of taxes; and (5) claims for refunds of taxes.
General Statutes § 4-141. "When sovereign immunity has not been waived, the claims commissioner is authorized by statute to hear monetary claims against the state and determine whether the claimant has a cognizable claim." Krozser v. New Haven, supra,212 Conn. 421.
The plaintiff's complaint alleges damages caused by the negligence of state officers, Cannon and Augustyn, in the discharge of their official duties. The claims against defendants Cannon and Augustyn are controlled by General Statutes § 4-165. The plaintiff has not pleaded that the claims commissioner has waived the State's sovereign immunity pursuant to General Statutes §§ 4-165 and 4-160. Accordingly, the court does not have subject matter jurisdiction to hear the claims against the state officers. Krozser v. New Haven, supra,212 Conn. 423. Therefore, the court grants the defendants Cannon's and Augustyn's motion to dismiss. CT Page 8540
SYLVESTER, J.