[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case arises out of the same set of circumstances asSimso v. Salinas, CV 97 573175, J.D. of Hartford. The background facts are reported in a memorandum of decision regarding cross motions for summary judgment in that case also decided today and need not be repeated here. This case is an action for damages against four employees of the Department of Motor Vehicles ("DMV"). The DMV employees have moved for summary judgment on a variety of grounds, including several varieties of immunity and the statute of limitations.
I find several arguments of the defendants persuasive. Most simply, the claims are barred by the applicable statute of limitations, § 52-577 of the General Statutes. The allegedly improper investigation and hearing procedures, according to the allegations of the complaint, culminated in the hearing of November 6, 1991. This complaint was not served until 1998. The only event alleged in the complaint to have occurred within three years of the service of the complaint was an alleged statement of the defendant Yacavone in September, 1995, to the effect that if the plaintiff wanted relief, he would have to get it from a judge. This is not a tortious statement — if anything, the plaintiff would certainly not tend to be lulled into inactivity by the statement. In any event, as the employees are expressly sued in their official capacities, the action is in reality one against the state, and the alleged statement by Yacavone surely does not satisfy any of the exceptions to sovereign immunity. SeeKrozser v. New Haven, 212 Conn. 415 (1989).
Because there is no genuine issue of fact as to when the allegedly tortious conduct occurred, and there can be no doubt that an action based on the only conduct alleged to be within the statute of limitations would be barred by the application of sovereign immunity, summary judgment is granted in favor of the defendants. I do not reach the other grounds raised by the defendants.
Beach, J. CT Page 13012