[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS
Plaintiff has brought this action against the Connecticut Valley Hospital in Middletown and a number of the employees thereof claiming breach of contract in that the plaintiff allegedly had an agreement with the Connecticut Valley Hospital (hereinafter "Hospital") for a patient therein, one Terrance Jacob (hereinafter "Jacob") to allow Jacob to work for the plaintiff under authority of C.G.S. § 17a-587 entitled TemporaryLeaves. The plaintiff claims that the agreement was for Jacob to work forty hours a week, and the defendant Hospital denies that saying that it was to be twenty hours per week and then over time moving up to forty hours per week. The defendant Hospital revoked the temporary leave for CT Page 11139 Jacob under the authority of the Psychiatric Security Review Board (hereinafter "PSRB"). In addition to breach of contract, the plaintiff alleges fraud on the part of the defendants. Count One is Fraud and Count Two is Breach of Contract. Count Three is for Interruption of Business, Count Four is for Tortious Interference of Business Expectancy, Count Five is for Intentional and Willful Maliciousness, Count Six is for Slander, Count Seven is for Suggestive Threat and Count Eight is for Deprivation of Due Process. The plaintiff seeks monetary damages including interest and punitive damages as well as a temporary order to compel the defendants to return Jacob back to work for a forty hour per week period and a permanent injunction ordering the defendants not to conduct any further activities to interrupt the business or the plaintiff personally.
Defendants have filed a motion to dismiss claiming lack of subject matter jurisdiction. The parties have filed briefs, and an oral argument was held before this court on September 5, 2000.
The motion to dismiss is granted for the following reasons:
1. The plaintiff does not having standing to bring this action. He, himself, cites C.G.S. § 17a-587 which authorizes temporary leaves, and the court notes C.G.S. § 17a-521 which permits the return or recall of the patient. Both of these statutes are for the benefit of the patient and the general public and states that the leave must be under conditions in which such leave would not constitute a danger to the patient or others. "Standing is established by showing that the party claiming it is authorized by statute to bring suit . . ." Steeneck v. University ofBridgeport, 235 Conn. 572, 579 (1995). "Standing concerns the question of whether the interest sought to be protected by the complainant is arguably within the zone of interest to be protected or regulated by the statute . . ." United Cable Television Services Corp. v. Dept. of PublicUtility Control, 235 Conn. 334, 345 (1995). It is the plaintiff's pecuniary interest which the plaintiff seeks to protect, and his interest in this suit is not within the zone of interests to be protected or regulated by the statutes in question. These statutes are for the benefit of the general public, public safety and the interests of the patient. Violation of these statutes may be brought by the patient, but not by someone who has contracted with the defendants for the patient to work for the plaintiff on a temporary basis.
2. Plaintiff is required to first bring his claim to the State Claims Commissioner for permission to sue the state. ". . . The entire legislative scheme of Chapter No. 53, which authorizes claims against the state, makes clear that it is the Claims Commissioner, pursuant to legislation, that can weigh sovereign immunity and not the courts . . . CT Page 11140 "[w]hen the Claims Commissioner deems it just and equitable, he may authorize suit against the state'; General Statutes Section 4-160 (a) . . . The Superior Court, therefore, has no authority to hear a claim for monetary damages against the state when the doctrine of sovereign immunity is applicable. That jurisdiction, in the first instance, resides by statute solely in the Claims Commissioner." Krozer v. New Haven,212 Conn. 415, 424 (1989). There is no evidence in the complaint that the plaintiff has sought or received the permission to sue the state by the Claims Commissioner.
3. In order for the plaintiff to overcome sovereign immunity, the plaintiff must allege that ". . . the defendants' conduct was in excess of their statutory authority;[1] they also must allege or otherwise establish facts that reasonably support those allegations." It is true that the first count of the complaint alleges fraud, and Count Five alleges intentional and willful maliciousness. Count Five does use terms such as ". . . did so with intentional malice and bad faith . . . actions in fraudulently breaching this contract did so with intentional abuse of their power . . . abuse of their discretion . . . intentional abuse of their process . . . with intentional coercion . . . causing intentional mental cruelty and intentionally causing mental anguish." However, the complaint still does not allege that the defendants exceeded their statutory authority. "When, however, the state employee acts solely to further his or her own illegal scheme and not to carry out government policy, there is no reason to provide immunity from suit." Antinerella v.Rioux, 229 Conn. 479, 497 (1994). It follows, therefore, that the plaintiff must allege that the defendants through their acts, did not in any way carry out the governmental policy with which they were entrusted. Further, the plaintiff has not alleged in his complaint that the state employees mentioned herein acted solely to further their own illegal scheme. The court is well aware of the recent case of Shay v.Rossi, 253 Conn. 134 Id. However, that was a case in which the court concluded that the defendants therein acted solely in order to justify their own prior unjustified conduct and not to carry out the government policy with which they were entrusted. Id. at 174. Here, the plaintiff has not alleged any such facts.[2]
 4. As for the plaintiff's claim for injunctive relief, the plaintiff only alleges a violation of his due process rights. Count Eight of the Complaint is insufficient. It claims that because the defendants prevented the plaintiff from attending any further meetings, or discussions or being involved in decisions concerning Jacob and the work plan, and by the defendants making false statements about him and the entire matter that somehow he was deprived of his due process. The plaintiff sets forth no legal support for his at least implied contention that he should have been permitted to attend these meetings of the CT Page 11141 defendants. Further, he does not describe how his due process rights under the Connecticut or United States Constitutions have been violated. It does not appear from the wording of Count Eight that there is any violation of any due process rights. Also, it is well settled law in Connecticut that in order to claim injunctive relief there must be an allegation supported by factual allegations that the plaintiff will be irreparably harmed if the injunction is not granted, and he must show that there is a good chance that he will succeed on the merits of the complaint. He must also allege that he does not have an adequate remedy at law. He has not done so. Therefore, the plaintiff has failed to set forth allegations and facts that would support his prayer for relief in the form of injunctive relief.
5. For all of the above reasons, the Motion to Dismiss dated June 26,2000 is granted.[3]
Rittenband, TJR