[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON AMENDED MOTION OF DEFENDANT STATE OF CONNECTICUT TO DISMISS THIRD PARTY COMPLAINT (#121)
In the first instance the movant argues a lack of personal jurisdiction because service of this action was not made upon the Attorney General pursuant to Conn. Gen. Stat. § 52-64. This statute provides service "may be" made upon the Attorney General. On its face it does not make such service mandatory. At oral argument movant's counsel conceded that case law is split on this issue. Assuming without deciding that service upon the attorney general is optional, the third party complaint must still be tested against the barrier of sovereign immunity.
The State cannot be sued without its consent because it is cloaked with sovereign immunity. Tamm v. Burns, 222 Conn. 280 (1992) Sovereign immunity implicates subject matter jurisdiction and can be the basis for granting a motion to dismiss. Antinerella v. Rioux, 229 Conn. 474
(1994).
The allegations of the third party complaint must be examined and read in the light most favorable to the third party plaintiff to see if any exception to sovereign immunity has been invoked. Id., p 489. This court can find no exception. All the third party plaintiff asserts is a claim for money damages on some theory of indemnification. Absent permission to sue from the Commissioner of Claims such monetary claims are barred.Krozser v. New Haven, 212 Conn. 415, 423 (1989). The third party plaintiff has not alleged such permission.
Moreover, to the extent, if at all, the third party plaintiff alleges application for and a denial of benefits by the movant he must first exhaust his administrative remedies by appealing such denial. There are no allegations here that such appeal was made or would be futile. This third party action cannot be a substitute for an administrative appeal. The failure to exhaust administrative remedies deprives this court of subject matter jurisdiction. Trigila v. Hartford, 217 Conn. 490 (1991).
The third party plaintiff invokes no statutory authority permitting him to make this claim. Nor does he raise any exception recognized inAntinerella, Supra, p. 489.
For all of the foregoing reasons this motion is granted.
Licari, J. CT Page 12603