[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs have filed a complaint on November 11, 2000 in which it is stated that they are confined to the State Department of Corrections under the control of Commissioner Armstrong.
The plaintiffs claim that they are aggrieved because documents they have requested have been denied to them based on their inability to pay for them.
The plaintiffs complaint raises questions as to Conn. Gen. Stat. §1-212 (d)(4) and whether said section applies to them. Specifically, the plaintiffs claim that they are entitled to a waiver of fees as provided in said statute.
Said claim gives rise to the relief they seek, which is a declaratory judgment as to whether they come within the provisions of said section.
In response to the plaintiffs' complaint, the defendants have filed two special defenses: (1) that the plaintiffs' complaint fails to state a claim upon which relief can be granted, and (2) that the plaintiffs have failed to exhaust their administrative remedies.
On July 17, 2001, the defendants filed a Motion to Dismiss on the sole ground that the plaintiffs' claims are barred by the doctrine of sovereign immunity. Said motion was supported by a Memorandum of Law dated July 30, 2001. On August 20, 2001 the plaintiffs filed a Motion in Opposition to Dismiss with a brief in support of said motion.
While the plaintiffs claim rights pursuant to § 1-212 (d)(4), the defendants refer to § 1-212 (f) which relates to proposed fee structure for copies of public records provided to an inmate.
The issues raised in this case are analogous to issues raised in habeas proceedings where sovereign immunity does not pertain.
In Krozser v. New Haven, 212 Conn. 415, our Supreme Court noted that the state cannot use sovereign immunity as a defense in an action for declaratory relief
Accordingly, the court finds that the plaintiffs' request for declaratory judgment survives the defendants' Motion to Dismiss and CT Page 12895 therefore, the Motion to Dismiss is hereby denied.
Stengel, J.