[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant moves to dismiss on the ground that the court lacks subject matter jurisdiction over the University of Connecticut Health Center.
This is a medical malpractice action for damages initiated by the plaintiff, Lucy P. Shabazian, as administratrix of the estate of the decedent Joseph Shabazian, against the defendant, state of Connecticut, University of Connecticut Health Center. The following facts are alleged in the complaint. On July 5, 1997, the decedent was brought to the defendant's emergency room for treatment regarding chest pain, cough, sputum production and low grade fever. The decedent had an extensive history of vascular and coronary complications. That same day, the decedent was diagnosed with pneumonia and admitted. On July 7, 1997, the decedent had trouble breathing and began coughing up blood. On July 8, 1997, the defendant administered an echocardiagram revealing a severe mitral regurgitation with an eccentric jet suggestive of a flail mitral valve leaflet or mitral valve prolapse, left pleural effusion, and preserved left ventricular dysfunction. Over the next two days, the decedent continued coughing up blood and found it increasingly difficult to talk and maintain his energy. Throughout this time, the plaintiff requested that the decedent see a cardiologist.
On July 11, 1997, a left pleural effusion was conducted removing fluid from the decedent's lungs. On July 12, 1997, an x-ray revealed that the decedent had increased congestive heart failure. The decedent was then treated by a cardiologist who concluded that the decedent had endocarditis and an acute rupture of the mitral valve apparatus. The cardiologist transferred the decedent to an intensive care unit on July 13, 1997. The decedent was placed on a ventilator to offset his difficulty in breathing. On July 14, 1997, a second echocardiagram was performed revealing a severe mitral valve regurgitation secondary to a torn chordae. On July 15, 1997, the decedent was examined by a cardiac surgeon who then recommended mitral valve replacement. On July 16, 1997, the decedent died despite undergoing the procedure. CT Page 1368
On October 6, 2000, the plaintiff received permission from the claims commissioner to sue the state pursuant to General Statutes § 4-160
(a). On June 29, 2001, the plaintiff brought the present action naming as the defendant the University of Connecticut Health Center. On October 19, 2001, the defendant filed a motion to dismiss on the ground that the court lacks subject matter jurisdiction over the University of Connecticut Health Center. On November 8, 2001, the plaintiff submitted a memorandum in opposition.
The defendant moves to dismiss the present action for want of subject matter jurisdiction because the plaintiff named as the defendant the University of Connecticut Health Center as opposed to the state of Connecticut. The plaintiff opposes the motion to dismiss contending that she complied with the dictates of § 4-160 (a). This Court finds that the defendant's arguments are unavailing.
Practice Book § 10-31 states that "[t]he motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Shay v. Rossi, 253 Conn. 134, 140 n. 8, 749 A.2d 1147 (2000). "[A] claim that [the] court lacks subject matter jurisdiction [may be raised] at any time." (Internal quotation marks omitted.) Dowling v. Slotnick, 244 Conn. 781, 787, 712 A.2d 396, cert. denied, 525 U.S. 1017, 119 S.Ct. 542, 142 L.Ed.2d 451 (1998). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Community Collaborative of Bridgeport, Inc. v.Ganim, 241 Conn. 546, 552, 698 A.2d 245 (1997). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) Federal Deposit Ins. Corp. v. Peabody, N.E., Inc.,239 Conn. 93, 99, 680 A.2d 1321 (1996).
"In Connecticut, we have long recognized the validity of the common-law principle that the state cannot be sued without its consent and that since the state can act only though its officers and agents a suit against a state officer is in effect one against the sovereign state." Horton v.Meskill, 172 Conn. 615, 623, 376 A.2d 359 (1977). "[T]he sovereign is immune from suit unless the state, by appropriate legislation, consents to be sued." (Internal quotation marks omitted.) Federal Deposit Ins.Corp. v. Peabody, N.E., Inc., supra, 239 Conn. 101. The state may consent to suit either through an explicit statutory waiver of sovereign immunity or through the claims commissioner. Krozser v. New Haven, 212 Conn. 415,421, 562 A.2d 1080 (1989), cert. denied sub nom. Krozser v. Connecticut,493 U.S. 1036, 110 S.Ct. 757, 107 L.Ed.2d 774 (1990). CT Page 1369
General Statutes § 4-160 (a) provides: "When the Claims Commissioner deems it just and equitable, he may authorize suit against the state on any claim which, in his opinion, presents an issue of law or fact under which the state, were it a private person, could be liable." When the claims commissioner authorizes suit against the state, civil process must be served pursuant to General Statutes § 52-64. General Statutes § 4-160 (e). Service of process on the state "may be made by leaving a true and attested copy of the process, including the declaration or complaint, with the Attorney General or at his office in Hartford." General Statutes § 52-64.
In the present case, the plaintiff received from the claims commissioner permission to sue the state on October 6, 2000. On July 3, 2001, the plaintiff served the University of Connecticut Health Center by leaving a true and attested copy of the proper documents with Gregory T. D'Auria, Assistant Attorney General for the state of Connecticut. Accordingly, the state was served pursuant to the aforesaid statute. The present action will lie. The motion to dismiss is denied.
____________________ Hennessey