[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS
The plaintiff, Douglas W. Buster, has filed this pro se civil action against three officers of the State of Connecticut seeking money damages for claimed injuries sustained by him while an inmate at the Connecticut Correctional Institution — Cheshire. Buster's complaint alleges that the shower area of the correctional center was kept in an unclean and unsafe condition causing him to fall and sustain injury. The defendants have moved to dismiss the complaint. They assert that the doctrine of sovereign immunity deprives the court of subject matter jurisdiction to consider the claims made in Buster's complaint. For the reasons set forth below, the motion to dismiss is denied.
The defendants rely on the well established principle that the state cannot be sued without its consent. Krozser v. NewHaven, 212 Conn. 415, 420 (1989); Horton v. Meskill, 172 Conn. 615,623 (1977). Moreover, a suit against a state officer concerning a matter in which the officer represents the state is, in effect, a suit against the state. Krozser v. New Haven,
supra, 212 Conn. 420.
However, the absolute bar of actions against the state on the ground of sovereign immunity has been modified by statute. The doctrine does not shield state officers from personal liability CT Page 1204 for wanton, reckless or malicious conduct resulting in damage or injury. See Connecticut General Statutes (hereinafter "C.G.S.") § 4-165. In addition, the claims commissioner of the State of Connecticut may authorize suit against the state if such action is deemed just and equitable and involves an issue of law or fact under which the state, were it a private person, could be liable. See C.G.S. § 4-160. In this regard, the law permits an inmate of an institution of the department of correction to file a claim against the state for an injury that results in a fatality or a permanent handicap. See C.G.S. § 4-165b.
The defendants assert that the plaintiff's complaint sounds in negligence, as opposed to wanton, reckless or malicious conduct, and they further claim that the complaint fails to alleged authorization of the suit by the claims commissioner as required by statute. See C.G.S. § 4-160(b). The defendants argue that these defects in the complaint deprive the court of subject matter jurisdiction necessitating dismissal of the action.
"Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." LeConche v. Elligers, 215 Conn. 701,709 (1990). The above referenced statutes make clear that the Superior Court does have subject matter jurisdiction over personal injury suits brought by prison inmates against state officials if the alleged injury was caused by wanton, reckless or malicious conduct or if the suit was authorized by the commissioner of claims. The question here is whether the failure of the plaintiff to allege sufficient facts to fall within either of these two exceptions deprives the court of subject matter jurisdiction requiring dismissal of the action, or whether the defects in the complaint merely deprived the complaint of a legally sufficient cause of action thus making it subject to a motion to strike. See Conn. Practice Book § 152. In resolving this issue, every presumption is to be indulged in favor of jurisdiction. LeConche v. Elligers, supra, 215 Conn. 709-10.
The defendants rely on Amore v. Frankel, 228 Conn. 358
(1994) in support of the motion to dismiss. In Frankel, the trial court determined, based on a review of affidavits, that the plaintiff could not as a matter of law state a cause of action that could be heard by the court. Amore v. Frankel, supra,228 Conn. 367 n. 8. More applicable to this case is Gurliacci v.Mayer, 218 Conn. 531 (1991). In Gurliacci, the plaintiff's CT Page 1205 complaint was legally insufficient on its face to invoke the statutory exception to the fellow employee immunity rule. However, there were certain facts which could, if alleged, bring the complaint within the legislative waiver of sovereign immunity. The Supreme Court held that given these circumstances, a motion to dismiss should not be granted. Gurliacci v. Mayer,
supra, 218 Conn. 544-45.
In this case, no affidavits accompanied the motion to dismiss. While the plaintiff's complaint as presently drafted may well be subject to a motion to strike, there are facts which, if alleged, would bring it within the legislative waiver permitting certain personal injury actions against the state or its officers. Given this state of the record, it would not be proper to grant a motion to dismiss. Gurliacci v. Mayer, supra,218 Conn. 545.
Accordingly, the defendants' motion to dismiss is denied.
Dated at New Haven, Connecticut this 29th day of January, 1996.
Robert J. Devlin Jr., Judge